REICHMAN *v.* SECOND AVE. R. CO.

*(Supreme Court, General Term, First Department. May 18, 1888.)*

1. CARRIERS—INJURIES TO PASSENGERS—EXPERT TESTIMONY.

In an action by a passenger against a street railroad company for injuries received through defendant's negligence, an expert witness for plaintiff was asked his opinion whether the complications from which plaintiff was suffering were likely to be

permanent, to which he answered: "They certainly are likely to be permanent, by all means." *Held*, that as the permanency of the injuries did not, in the judgment of the witness, depend on any contingency, the testimony was properly admitted.[1]

2. SAME—EVIDENCE—NEGLIGENCE OF DEFENDANT'S SERVANT.

In such an action, evidence of careless and reckless driving by defendant's servant on the trip in which plaintiff was injured, is competent to be given upon the main allegation of negligence against the defendant.

3. WITNESS—EXAMINATION—DETAILING CONVERSATION.

In such an action, plaintiff's witness was asked how she came to be looking back when plaintiff signaled the conductor; if anything had happened during the trip. Defendant objected so far as it called for a conversation. *Held*, that as no conversation was asked for, and none given by the witness, the objection was not well taken.

Appeal from circuit court, New York county.

Action by Rosa Reichman against the Second-Avenue Railroad Company for injuries sustained while a passenger on defendant's road. Verdict and judgment for plaintiff, from which, and from an order denying a new trial, defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Austen G. Fox*, for appellant.     *George R. Carrington*, for respondent.

MACOMBER, J.   This is an appeal from a judgment entered upon the verdict of a jury for personal injuries, and from an order denying the defendant's motion for a new trial. The only questions which the learned counsel for the appellant raises, relate to the admission of evidence. It was urged, first, that the court erred in allowing the testimony of certain physicians touching the duration and extent of the bodily injury. The witness Dr. William A. N. McKee was asked this question: "Will you give us your opinion as to whether or not the complications which you now testify she is suffering from are likely to be permanent?" This was objected to upon the ground that it was too uncertain and conjectural and problematical. The objection was overruled, and exception taken. The answer was: "They certainly are likely to be permanent, by all means." The general rule is that, in actions to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, the testimony of experts as to future consequences which are expected to follow the injury is competent; but to authorize such evidence, however, the consequences must be such as, in the ordinary course of nature, are reasonably certain to ensue. The consequences which are contingent, speculative, or merely possible, are not proper to be considered in estimating the damages, and may not be proved.  *Strohm* v. *Railroad Co.*, 96 N. Y. 305. Within this authority, we are of the opinion that the evidence complained of is not obnoxious to the objection which was made. The answer gives a positive and unqualified opinion of the expert that the injuries of the plaintiff were permanent and lasting in their character. Their permanency and duration were not, in the judgment of the witness, dependent upon any contingency. They were not merely possible, but probable and likely; that is to say, reasonably certain to be permanent. I am of the opinion, therefore, that this objection was not well taken. These views cannot apply with equal force to the objection to the testimony relating to the duration of the displacement of the womb of the plaintiff, and need not be specifically repeated.

Counsel for the appellant makes the further point that the court erred in permitting testimony to be given, showing that the conductor of the horse car on the trip cut short the time of other passengers in leaving the car. If

[1] As to expert testimony in regard to the probable cause and result of personal injuries, see Turnpike Co. v. Andrews, (Ind.) 1 N. E. Rep. 364; Railroad Co. v. Falvey, (Ind.) 3 N. E. Rep. 389; Railroad Co. v. Martin, (Ill.) 1 N. E. Rep. 111; Railroad Co. v. Wood, (Ind.) 14 N. E. Rep. 572; Turner v. City of Newburgh, (N. Y.) 16 N. E. Rep. 344; Railroad Co. v. Wright, (Ind.) Id. 145; Rinehart v. Whitehead, (Wis.) 24 N. W. Rep. 401; Armstrong v. Town of Ackley, (Iowa,) 32 N. W. Rep. 180.

such evidence had been adduced for the purpose of showing want of care on the part of the conductor, it would undoubtedly be competent; the acts having occurred at the time of the commission of the injuries upon the plaintiff. But upon inspection of the case it will be seen that this question was not well presented. The witness was asked: "How did it happen that you came to be looking back when Miss Reichman signaled the conductor? Had anything taken place during the trip?" This was objected to as irrelevant, "especially so far as it relates or calls for or may call for any conversation or declaration of any person in the car. We ask the court to instruct the witness that conversations are irrelevant." The plaintiff's counsel did not ask for any conversation, and none was given by the witness with any other person in the car. The evidence of the careless or reckless driving on the trip in question was competent to be given upon the main allegation of negligence against the defendant. The judgment and order appealed from should be affirmed.

BARTLETT, J., (concurring.) I concur in the result, on the ground that the questions put to the expert witnesses were not objectionable; and, although one of them called out testimony that should not have been considered by the jury, no motion was made to strike such testimony from the record, or that the jury be instructed to disregard it.

VAN BRUNT, P. J., concurs.