PEOPLE *ex rel.* KELLY *v.* MACLEAN *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

DISMISSAL OF POLICEMAN—EVIDENCE OF INTOXICATION.

At the trial of a policeman for intoxication testimony of witnesses that in their judgment defendant was intoxicated is unobjectionable where the opinion is limited to what the witnesses saw.

*Certiorari* to the police commissioners of the city of New York.

Proceedings on the relation of Patrick Kelly to review the action of respondents in dismissing relator from the police force upon a charge of being so much under the influence of liquor as to be unfit to perform police duty.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for relator.     *John J. Delany,* for respondents.

VAN BRUNT, P. J.   The power of the court to reverse the proceedings of the respondents is limited to those cases where there is no evidence to support the conclusion arrived at, or, if there is some evidence, the preponderance of proof is so great against such conclusion that, if it were the verdict of a jury, such verdict would be set aside as against evidence.   It is claimed by the counsel of the relator that the case at bar comes within the latter class; and that, although there may be some evidence that the relator was intoxicated, yet it is of so contradictory and unsatisfactory a character that it was entirely overcome by the explanation given on behalf of the relator.   It is urged that the witnesses who testified against the relator not only contradicted themselves, but each other, and that each and every of them was willing to commit perjury, so great was their interest in having the charge sustained against the relator.   We have examined the record with care, and find no such disposition exhibited upon the part of the witnesses; and, if there are any contradictions of the evidence of the witnesses as to what they observed, they arise from difference of opinion as to the cause, and not from disagreement as to results.   This charge against the witnesses is also urged because they swore that the relator was intoxicated, which the learned counsel states was not evidence, but malevolence.   If the counsel had examined the question with the slightest care before pronouncing judgment he probably might have learned that it was held in the case of *People* v. *Eastwood,* 14 N. Y. 566, over 30 years ago, that "a child of six years may answer whether a man [whom it has seen] was drunk or sober.   It does not require science or opinion to answer the question, but the child could not probably describe the conduct of the man so that from its description others could decide the question.   Whether a person is drunk or sober, or how far he was affected by intoxication, is better determined by the direct answer of those who have seen him than by their description of his conduct.   Many persons cannot describe particulars.   If their testimony was excluded, great injustice would frequently ensue."   If it is urged that some of the witnesses only testified to their opinion that the relator was intoxicated, reference may again be made to the case cited, where the question was, "What was the condition as to sobriety of the prisoner at that time in your judgment?" and it was held that, the judgment being restricted to what the witness saw, the question was unobjectionable.   So, in the case at bar, the opinion being limited to what the witness saw, it was unobjectionable.   We have several witnesses swearing that the relator was intoxicated, although differing as to what was the probable cause.   The surgeon who examined him testified that in his opinion he was laboring under alcoholic influence.   The relator claims that his condition arose from an overdose of quinine.   That he did take some quinine may be true, although there is no evidence of that fact.   There is only the evidence that the relator sent some one to get a prescription of quinine, and that he brought back these pills, and the messenger tells the extraordinary story that he got the medicine, and did

not pay anything for it, because he told the apothecary that it was for an officer. The apothecary is not called to show the prescription, and there is no proof that the relator ever took any quinine, much less that he took 20 to 24 grains at a dose. The whole story is suspicious, and little entitled to credit, and we think that, instead of a preponderance of evidence in favor of the relator, the weight of evidence justified the conclusion of the respondents. The writ should be dismissed, with costs. All concur.