PYNE v. BROADWAY & SEVENTH AVE. R. Co.

*(Common Pleas of New York City and County, General Term.  June 6, 1892.)*

1. STREET RAILROADS—NEGLIGENCE—PERSONS ON TRACK.

In an action against a street railroad for injuries sustained in being struck by a car, in consequence of the driver's negligence and intoxication, evidence that the driver had on that same trip missed a switch at a certain street, that he had failed to respond to the conductor's signal to stop at another street, had driven rapidly, and that a person had been thrown down in attempting to get aboard, is admissible, as showing a series of acts indicative of such intoxication at the time of the accident as to incapacitate him from the proper control of the car.

2. SAME—INTOXICATION OF DRIVER.

The fact that the driver had had a drink just before starting on the trip was admissible, as bearing on his condition at the time of the accident.

3. CREDIBILITY OF WITNESS—BLACKLISTING OF EMPLOYE.

Where the driver of another car, who saw the accident, was called for the purpose of showing that plaintiff was guilty of negligence, it was proper, for the purpose of affecting his credibility, to inquire, on cross-examination, as to whether he had not stated that the railroad would blacklist him if he gave his testimony according to the facts.

4. SAME.

Another witness, who was called in rebuttal, was properly allowed to testify, for the same purpose, that the former witness had said if he was independent, by reason of having a house and lot, he could give his evidence without regard to being blacklisted.

5. CONTRIBUTORY NEGLIGENCE—CROSSING TRACK—FAILURE TO LOOK.

A person is not necessarily negligent in failing to look for approaching street cars before attempting to cross an ordinary street, but only when the situation and surrounding circumstances are such that a person of ordinary prudence would have looked. *Moebus* v. *Herrmann*, 15 N. E. Rep. 415, 108 N. Y. 349, followed.

Appeal from trial term.

Action by Walter F. Pyne against the Broadway & Seventh Avenue Railroad company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Root & Clarke,* (*Joseph Kunzmann* and *Henry L. Stimson,* of counsel,) for appellant. *Carpenter & Hassett,* (*Horace Russell,* of counsel,) for respondent.

BOOKSTAVER, J. This action was brought to recover damages for the alleged negligence of the defendant's employes, by which the plaintiff was struck and knocked down by the horses attached to one of its cars going down town, while plaintiff was crossing defendant's tracks on Broadway, between Thirty-Second and Thirty-Third streets. The plaintiff undertook to show that the driver of the car which ran over him was intoxicated at the time, and that the accident resulted in consequence of his intoxication and consequent careless management of the car. With this end in view he proved that the driver had missed a switch at Forty-Fourth street and Broadway; had failed to respond to the signal of the conductor to stop the car at Forty-Second street; and at various places between Fifty-Third and Thirty-Third streets had driven at a rapid rate of speed; and at Forty-Second street a passenger had been thrown down in attempting to board the rear platform. Objection was made in each instance by the defendant to the admission of this evidence, sometimes with and sometimes without stating the grounds of the objection, which seemed to have been principally that the occurrences were too remote from the time of the accident. But on this appeal it was argued that it was incompetent to admit evidence of negligence on the part of the driver on other occasions, no matter how closely connected in point of time with the accident, and that no inference of negligence on the occasion when the plaintiff was injured could legally be drawn from other or prior negligent acts. But this testimony was not admitted with this object in view. It was not to show negligence on other occasions merely, but it was to show a series of acts which, taken together, would lead the jury to believe that the driver was so intoxicated at the time that he could not properly control his horses and car, and that this led to plaintiff's injuries. We fail to see why this was not competent. Indeed, it would be difficult to show drunkenness in any case, unless by proof of acts on the part of the person suspected of intoxication from which such an inference can be made; and it is just as convincing as smelling the breath of the suspected inebriate, or seeing the quantity of liquor consumed by him; for it is well known that one may drink sufficiently to have the fact of having taken liquor manifested by the breath before there is any indication of intoxication. And so, too, the quantity consumed may make one person incapable of the management of himself or his affairs, and the same quantity may have no perceptible effect upon another. Whether any particular person is under the influence of liquor or not, therefore, is better determined by his acts than in any other way, and they are of more force than the mere testimony of a witness that a person was under the influence of liquor in his judgment or opinion. *McCarty* v. *Wells,* (Sup.) 4 N. Y. Supp. 672; *People* v. *MacLean,* (Sup.) 13 N. Y. Supp. 677. For this purpose these various acts of negligence were properly admitted. Besides, the evidence of careless or reckless driving on the trip in question was competent to be given on the mere allegation of negligence against defendant. *Reichman* v. *Railroad Co.,* (Sup.) 1 N. Y. Supp. 836. In that case it was said: "Counsel for the appellant makes a further point that the court erred in permitting testimony to be given showing that the conductor of the horse car on the trip cut short the time of other passengers leaving the car. If such evidence had been adduced for the purpose of showing want of care on the part of the con-

ductor, it would undoubtedly have been competent." The fact that the driver drank at a liquor store just before starting on the trip was admissible as bearing on the driver's condition at the time of the accident; the effects of drinking are not so transitory as to make such evidence irrelevant.

The defendant produced one Bidwell as a witness, who was the driver of a "green car," as it is termed, who testified that he was driving such a car on the night of the accident up Broadway, and saw the plaintiff knocked down; the object of his testimony being to show that the plaintiff's conduct in crossing the defendant's track in question was negligent, and he did not exercise due care. On cross-examination the plaintiff was properly allowed to ask the witness as to whether he had stated that the street railroad company would blacklist him if he gave his testimony according to the facts; it tended to show his bias and affect his credibility. It is one of the objects of cross-examination to discover the motives in the mind and the prejudice of the witness, for the purpose of reducing the effect which might otherwise be given to the evidence. *Miles* v. *Sackett,* 30 Hun, 69. In rebuttal of what this witness had testified, the plaintiff called one McAuley, and he was allowed to answer these questions: "*Question.* Were you with Mr. Pyne on the occasion when Bidwell came to his store on Twenty-Third street? *Answer.* I was there. *Q.* What, if anything, did Bidwell say on that occasion with reference to a house and lot? *A.* That if he was independent, by having a house and lot out in the country, he could give his evidence in Mr. Pyne's case without any regard to being blacklisted by the railroad company." The latter question was objected to by the defendant, on the ground that it was incompetent and collateral. The objection was overruled, and exception taken. We do not think that this was error. As before shown, the plaintiff had the right to show the bias and credibility of the witness, and any party against whom a witness is produced has a right to show anything which may in the slightest degree affect his credibility. *Miles* v. *Sackett, supra.* The evidence was not for the purpose of impeaching the witness, but with the object of showing his bias, and that he had intimated that he was willing to testify for the plaintiff if, as he thought, sufficient inducement offered.

The court properly refused to dismiss the complaint. There was considerable conflict of evidence, both as to plaintiff's carefulness and defendant's negligence; but there was quite sufficient in plaintiff's favor on both of these questions to make it improper to withhold the case from the jury.

The defendant's counsel in due time presented several requests to charge the jury in regard to the plaintiff's duty to look both up and down the street before attempting to cross it; none of which were charged, but in lieu thereof the court charged: "If at the time the plaintiff started to cross the street, and left the sidewalk, the situation and surrounding circumstances were such as to require a person, in the exercise of ordinary prudence, to look up Broadway to ascertain whether there was a car approaching, and he failed to do so, then he was negligent; and, if such negligence contributed to this injury, he cannot recover." This, we think, fully, clearly, and distinctly stated the law regarding the duty imposed upon the plaintiff in respect to looking before crossing public streets or highways, and was almost in the language of *Moebus* v. *Herrmann,* 108 N. Y. 349, 15 N. E. Rep. 415. It is true that a different rule prevails in regard to crossing steam railroads, where the danger is greater; but it has never been held that it was necessary to look both up and down before crossing an ordinary street where there was no steam railway. We therefore think there was no error on the trial of this action which calls for a reversal, and that the judgment should be affirmed, with costs.

All concur.