(7 Misc. Rep. 292.)

PEOPLE ex rel. SHIELDS v. HAYDEN, Commissioner of Police.

(City Court of Brooklyn, General Term. February 24, 1894.)

CERTIORARI—HEARING.

    An application for a writ of certiorari is heard on all the papers on which the writ is granted, unless the facts stated therein are traversed, in which case the hearing is solely on the return.

Certiorari by James Shields to review the decision of Henry I. Hayden, as police commissioner of the city of Brooklyn, in discharging relator from the police force. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

Edward F. O'Dwyer, for relator.

F. A. McCloskey, for respondent.

CLEMENT, C. J. The relator, after a full and fair hearing before the police commissioner of this city, was, on September 12, 1893, dismissed from the department on the charge of intoxication. Capt. Rhodes, Serg. Lynch, and Roundsman Knapp testified at the trial that at roll call at 6 o'clock on the afternoon of September 2d Shields was intoxicated. Neither officer detected the odor of liquor upon him, but from his language and walk he had the appearance of a drunken man. Shields testified, in his own behalf, that he had been wet by rain while on duty previous to the day in question, and, as a result, had pains; that he went to a doctor,

who prescribed for him; that, on the way to the station house on the evening of September 2d, he took some of the medicine; and that, although he got to the station house all right, he did not know what afterwards happened. Shields produced, on the trial, the bottle of medicine. We have substantially stated all the testimony given before the commissioner. Intoxication can be proven by witnesses who are present and observe the condition and acts of a party. McCarty v. Wells, 51 Hun, 171, 4 N. Y. Supp. 672; People v. Eastwood, 14 N. Y. 562. On the testimony given before the commissioner, we cannot hold that the relator did not have a fair trial, or that the judgment rendered was against the weight of evidence.

On the application for a writ of certiorari, the relator presented, in addition to his petition, the affidavits of Peter Hughes, a physician, and Adolph Levy, a druggist. Dr. Hughes states that on the morning of September 2d he prescribed for the relator, and that the prescription contained morphine, and Mr. Levy says that on the same day he put up the prescription. Dr. Hughes says, also, that he was informed by the relator that about 5 o'clock on the afternoon of September 2d he (relator) took a mouthful of the mixture, instead of a teaspoonful, as was prescribed, and that, if Shields' statement was correct, he would, at 6 o'clock of the same day, have had every appearance of a man who was intoxicated. It becomes important to consider whether, on this hearing, we shall consider the affidavits of Dr. Hughes and Mr. Levy. Under the new Code we are to consider all the papers on which the writ is granted, unless the facts therein stated are traversed, in which case the parties are heard solely on the return. Judge Earl so holds in the case of People v. Commissioners Dept. Fire, etc., 106 N. Y. 64, 12 N. E. 641. In that case is cited the authority of People v. French, 25 Hun, 111. In the latter case Judge Daniels said:

"It could not, however, have been the design of this extension of the law, to allow the return to be controverted or overthrown in its statement by anything contained in the papers presented for the allowance of the writ; * * * and it could not have been the purpose of the legislature by this provision of the Code, so far to interfere with the existence of this well-settled rule of practice, as to allow the return itself to be rejected, because it might not be consistent with the statements contained in the affidavit upon which the application should be made for the writ of certiorari. * * * All that was probably intended was, that where the return itself might be silent, that the affidavit or papers upon which the writ issued might be resorted to for the purpose of including facts not set out in the return."

The affidavits of the doctor and druggist were in the nature of cumulative testimony, and, in an action in court, would be treated as such on a motion for a new trial on the ground of newly-discovered evidence. They simply are offered to show that the relator was not intoxicated by liquor at the time charged. The question of intoxication is fully met by the return, and it was not necessary for the commissioner to deny specifically the matters which related to intoxication in the papers upon which the writ was granted. Even if we do consider the two affidavits on this review, they cannot affect the result. The relator says in his petition,

and so testified at the trial, that he took some of the mixture in a street car on his way to the station house. The doctor and the druggist do not know whether he took any, except by his statement. Reading the petition and affidavits and the return together, the case turned on the question whether the commissioner believed that Shields was intoxicated from the use of liquor or of medicine. It is a suspicious circumstance in the case that Shields did not mention the name of the doctor or the druggist on the trial, and, while we do not question the truth of their affidavits, we think it was a question of fact for the commissioner to decide, on the evidence before him, whether Shields was voluntarily or involuntarily intoxicated on the evening of September 2d. It does not appear that Shields gave the explanation testified to at the trial to his superior officers before the trial. If his claim is true, it would seem that as soon as he recovered his reason he would explain to his captain the reason of his intoxication. The defense offered by the relator is frequently made by officers when charged with intoxication, and should be clearly made out. The proceedings of the commissioner are affirmed, with $50 costs and disbursements. All concur.