(15 Misc. Rep. 6.)

PEOPLE ex rel. FLOOD v. MARTIN et al., Police Commissioners.

(Superior Court of New York City, General Term. December 19, 1895.)

1. EVIDENCE—TO PROVE INTOXICATION.
   Intoxication may be proved by the observation of witnesses, and expert testimony is not necessary.
2. MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—REVIEW.
   The police commissioners of New York, being vested with the primary power of passing on the weight of evidence in questions of fact coming before them, their determination is entitled to the same weight in a reviewing court as the finding of a jury; and where an officer is dismissed for intoxication, after a hearing, and the evidence is conflicting, their action will not be reversed.

Certiorari by Edward J. Flood to review the action of James J. Martin and others, constituting the board of police commissioners in the city of New York, in dismissing relator from the police force. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Louis J. Grant, for relator.
Francis M. Scott, Corp. Counsel, for respondents.

McADAM, J. The relator was tried on charges preferred of conduct unbecoming an officer, in that on December 17, 1893, he

was brought to the station house by Roundsman Ryan, at 3:15 p. m., in a condition unfit to perform his tour of reserve duty. The relator went on his post on the day in question at 8 a. m. His tour extended up to 1 p. m., shortly after which hour he was relieved by Officer Nolan, at the corner of Canal and West streets. Thereupon he started for the station house, by way of Canal and Sullivan streets. At about Broome street, he fell and cut his head. He saw two young men passing by, and asked them to help him up alongside of a box, which they did. While there, the roundsman came along, and took him to the station house, where the sergeant in charge notified the captain of the circumstances, and, at the request of the commanding officer, the complaint was made by the sergeant.

The question is whether the unseemly condition of the officer was caused by illness or intoxication. The relator testified that he was not under the influence of liquor at the time; that he drank nothing that day; and that the fall was occasioned by vertigo. There is evidence in the case sustaining this view, while the testimony in support of the charges was equally strong the other way. Of course, the witnesses would not swear positively that the relator had been drinking, for they did not see him drink; but they did testify that his actions were those of a drunken man, and that his breath smelled of liquor. This evidence sufficiently established the charge. It is elementary that drunkenness may be proved by observation; expert evidence is not necessary. People v. Eastwood, 14 N. Y. 562; McCarty v. Wells, 51 Hun, 174, 4 N. Y. Supp. 672; People v. MacLean (Sup.) 13 N. Y. Supp. 677; People v. Hayden, 7 Misc. Rep. 292, 27 N. Y. Supp. 893.

The officer had been on the force for about 10 years, and had never before been sick, nor had he asked for leave of absence; but his record shows that 16 complaints had been made against him during that time. On 3 of these occasions he had been reprimanded. He had been fined 13 times, the penalty in one instance being 10 days' pay for an assault on Rosie Creci. The primary power of passing upon the weight of conflicting evidence rests in the respondents. In support of their determination, the court will indulge the same presumption as in the case of a finding of a jury; and, where different inferences may be properly drawn from the evidence, such determination will not be interfered with, unless it is clearly against the weight of evidence, or appears to have been influenced by prejudice or mistake. Tested by these rules, we find no error, prejudice, mistake, or abuse of discretion on the part of the commissioners, and, as the proofs justify the result arrived at, the adjudication must be affirmed, with costs. All concur.