McADAM, J.
The relator was tried on charges preferred of conduct unbecoming an officer, in that on December 17,1893, he was brought to the station house by Roundsman Ryan, at 3:15 p. m., in a condition unfit to perform his tour of reserve duty. The relator went on his post on the day in question at eight a. m. His tour extended up to one p. m., shortly after which hour he was relieved by Officer Nolan, at the corner of Canal and West streets. Thereupon he started for the station house, by way of Canal and Sullivan streets. At about Broome street, he fell and cut his *489 head. He saw two young men passing by, and asked them to help him alongside of a box, which they did. While there, the roundsman came along, and took him to the station house, where the sergeant in charge notified the captain of the circumstances, and, at the request of the commanding officer, the complaint was made by the sergeant.
The question is whether the unseemly condition of the officer was caused by illness or intoxication. The relator testified that he was not under the influence of liquor at the time; that ho drank nothing that day; and that the fall was occasioned by vertigo. There is evidence in the case sustaining this view, while the testimony in support of the charges was equally strong the other way. Of course, the witnesses would not swear positively that the relator had been drinking, for they did not see him drink; but they did testify that his actions were those of a drunken man, and that his breath smelled of liquor. This evidence sufficiently established the charge. It is elementary that drunkenness may be proved by observation; expert evidence is not necessary. People v. Eastwood, 14 N. Y. 562; MeCarty v. Wells, 51 Hun, 174; 20 St. Rep. 630; People ex rel. Kelly v. MacLean, 37 id. 628; People ex rel. Shields v. Hayden, 7 Misc. Rep. 292; 57 St. Rep. 544.
The officer had been ón the force for about ten.years, and had never before been sick, nor had he asked for leave of absence; but his record shows that sixteen complaints had been made-against him during that time. On three of these occasions he had been reprimanded. He had been fined thirteen times, the penalty in one instance being ten days’ pay for. an assault on Eosie Oreci. The primary power of passing upon the weight of conflicting evidence rests in the respondents. In support of their determination, the court will indulge the same presumption a& in the case of a finding of a jury; and, where different inferences-may be properly drawn from the evidence, such determination will not be interfered with, unless it is clearly against the weight of evidence, or appears to have been influenced by prejudice or mistake. Tested by these rules, wé find no error, prejudice, mistake, or abuse of discretion on the part of the commissioners, and, as the proofs justify the result arrived at, the adjudication must be affirmed, with costs.
All concur.