Howard v. State.

---

## VERN HOWARD V. STATE OF NEBRASKA.

FILED MARCH 12, 1923. No. 23157.

1. **Information.** "Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute." *Cordson v. State,* 77 Neb. 416.

2. **Criminal Law:** INTOXICATION: PROOF. Intoxication is a fact which a witness may ascertain in the same manner he ascertains other facts. He may give the details and then may state the ultimate fact of intoxication as derived from observation.

3. ————: NEW TRIAL: SHOWING. In an application for a new trial on the ground of newly discovered evidence, it is elementary that the applicant must state in his affidavit the facts to which the proposed witnesses will testify if present.

Howard v. State.

ERROR to the district court for Pawnee county: JOHN B. RAPER, JUDGE. *Affirmed as modified.*

*Dort & Witte,* for plaintiff in error.

*Ora S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD and DEAN, JJ.

DEAN, J.

Defendant was convicted under section 3241, Comp. St. 1922, of having been "found in a state of intoxication." It was also charged, and defendant admitted, that he pleaded guilty to an information which charged a like misdemeanor about 6 months before; so that this was the second time that he was charged with being intoxicated. The court sentenced him to confinement in the county jail for a period of 45 days and it was adjudged that he pay the costs of the action. Defendant prosecutes error.

The facts are substantially these. Defendant was driving an automobile about Pawnee City accompanied by three companions. He ran his car into a ditch and the city marshal discovering his plight directed a bystander to take defendant's place at the wheel and drive the car to the courthouse with its occupants. Upon arrival there defendant was placed under arrest and a complaint was subsequently filed. This was at the noon hour and defendant was detained at the sheriff's office until about 5 o'clock, when he was put in jail.

Four or five witnesses testified on the part of the state. The city marshal, having, as he said, observed the manner, the conduct and the appearance of defendant with the view of discovering his condition, testified that he was intoxicated. Two or three of the witnesses, having the same qualifications as the city marshal with respect to observation, testified that they detected the smell of liquor on defendant's breath and that he

was intoxicated. Practically all of the state's witnesses qualified their statements by saying that they had for many years seen and had often observed intoxicated men and that they could tell, by observation, whether a person was intoxicated and by listening to his talk and the like.

The sheriff testified that defendant fell out of a chair in his office. It is argued by defendant that the chair out of which he fell was the ordinary swivel office chair with caster rollers, and that it is not unusual for such chairs to slip out from under a person when they are on a hard floor and tilted back. This, however, was only one feature of the case and was properly submitted with the other evidence for the jury's consideration. It also appears that, as defendant went upstairs in the courthouse, he "put his hand up against the wall to kind of steady himself." This witness said he smelled liquor on defendant's breath and that he appeared to have been drinking. A business man in the town testified that defendant's appearance, conduct, manner and condition indicated that he was intoxicated.

Five or six witnesses testified on the part of defendant. One on the direct examination testified that defendant "was not what I would call drunk." He added that he had evidently been drinking that day. For the defense another witness who had observed defendant's conduct said, "I couldn't say that he was drunk and I couldn't say he was sober, I never examined him," and that he didn't see "anything particularly" from which he "could swear that he was drunk; no." Another witness for defendant said on cross-examination that he thought defendant "had a drink or so," but that he would not say that he was drunk.

That there was competent evidence to support a finding of intoxication sufficiently appears.

Defendant, however, assigns as prejudicial error the fact that the state was permitted to amend the information after the trial had commenced by inserting

the word "unlawful." Section 3241, Comp. St. 1922, under which the information was drawn, reads: "If any person shall be found in a state of intoxication, he shall be deemed guilty of a misdemeanor," etc. The information when filed charged that defendant was "found in a state of intoxication," etc. After the amendment was made the information read that defendant was "found in a state of unlawful intoxication," etc. The only change being the insertion of the word "unlawful."

In 22 Cyc 332, it is said that, where the term "unlawful" is not contained "in the definition of a statutory offense, it need not be employed in an indictment." In *Cordson v. State,* 77 Neb. 416, we held: "Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute."

Clearly the original complaint states an offense in the language of the statute. That was sufficient. The amendment was mere surplusage. It follows that prejudical error cannot be predicated on that assignment of alleged error.

It may be added that on this point the state cites and relies in part on that part of section 10186, Comp. St. 1922, which reads: "No judgment shall be set aside, or new trial granted, or judgment rendered, in any criminal case on the grounds of misdirection of the jury, or the improper admission, or rejection of evidence, or for error as to any matter of pleading or procedure, if the supreme court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred."

Defendant argues that the court erred in "admitting in evidence statements of witnesses giving their opinions and conclusions," over defendant's objections in respect of defendant's condition. A number of Nebraska cases are cited, but they have no application here. They have to do for the most part with questions involving the rule where opinion evidence is excluded and the like. In

Minnesota it was. held: "One who has witnessed a person's acts, appearance, and speech may express an opinion whether he was intoxicated." *McKillop v. Duluth Street R. Co.*, 53 Minn. 532. In Texas a witness may give his opinion as to whether another person was drunk. *Pace v. State*, 79 S. W. (Tex. Cr. Rep.) 531. In New York certain witnesses testified that the actions of defendant "were those of a drunken man, and that his breath smelled of liquor. This evidence sufficiently established the charge. It is elementary that drunkenness may be proved by observation; expert evidence is not necessary." *People v. Martin*, 36 N. Y. Supp. 437. See Lawson, Expert Evidence (2d ed.) p. 529.

"Intoxication or drunkenness is a fact which may be proven as other facts are proven. A witness * * * would not be confined to a detail of the combination of minute appearances that have enabled him to ascertain the fact of intoxication. The details of conduct, attitude, gesture, words, tones and expression of eye and face may be stated by him, or he may state the fact of intoxication,—a fact which he can ascertain by personal observation, as he ascertains other facts. So, also, a witness may state whether or not a person had the appearance of being intoxicated, and such statement of appearance would be the statement of a fact. Facts which are latent in themselves, and only discoverable by way of appearances more or less symptomatic of the existence of the main fact, may, from their very nature, be shown by the opinions of witnesses as to the existence of such appearances or symptoms. Sanity, intoxication, the state of health or of the affections are facts of this character." *City of Aurora v. Hillman*, 90 Ill. 61, 66.

"The fact of intoxication may be proved by any person who had an opportunity to observe the party whose intoxication is sought to be established at the time in question. * * * Although the witness may describe the facts and circumstances which led him to the con-

clusion that the person was intoxicated, he is not confined to these details." 7 Ency. of Evi. 777.

The rule, as deduced from the weight of authority, is that a witness may testify, from observation, whether a person was intoxicated. Intoxication is a fact which a witness may ascertain in the same manner in which he ascertains other facts. He may give the details and then may state the ultimate fact of intoxication as derived from observation. It may be added that the intoxication which results from an intemperate use of spirituous liquors is a condition that cannot be described by a definition that will fit all cases alike. The court did not err in overruling defendant's objections to the competency of the evidence in respect of the offense with which defendant was charged.

Defendant argues that the court erred in refusing a new trial on the ground of newly discovered evidence. In his affidavit he avers: "That he has within past two days found and located two men, of unimpeachable character and standing, who can and will testify to material facts in favor of defendant, if defendant be granted a new trial, and be thus enabled to produce said witnesses in court in his behalf." It appears that defendant did not state the facts in his affidavit to which the witnesses would testify. It is elementary that the showing was insufficient. It follows that the court did not err in denying the application.

Other assignments of alleged error are pointed out, but on examination we find that reversible error does not appear in the respects noted by counsel. To discuss the assignments so made would unduly extend this opinion. However, we conclude that the district court did not err in overruling the application for a new trial. But from a review of the facts it appears that the ends of justice will be served by a reduction of the jail sentence from 45 to 30 days and it is so ordered.

The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.