LAWRENCE E. PRIBYL, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

87 N. W. 2d 201

Filed December 27, 1957.   No. 34256.

*Dryden & Jensen* and *Crosby, Pansing & Guenzel,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Gerald S. Vitamvas,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action wherein, in the district court for Buffalo County, Nebraska, Lawrence E. Pribyl was charged with the crime of motor vehicle homicide.

The action was prosecuted in the name of the State of Nebraska by the deputy county attorney of Buffalo County. On trial of the case Pribyl was convicted of the charge and was sentenced to a term of not less than 1 year nor more than 1½ years in the Nebraska State Reformatory for Men. A motion for new trial, a supplemental motion for new trial, and a motion in arrest of judgment were filed. These motions were overruled. By petition in error Pribyl seeks a reversal of the conviction and sentence. He will hereinafter be referred to as the defendant.

The statute which provides the basis for a prosecution such as this is in pertinent part as follows: "Whoever shall cause the death of another without malice while engaged in the unlawful operation of a motor vehicle shall be deemed guilty of a crime to be known as motor vehicle homicide * * *." § 28-403.01, R. R. S. 1943.

Before proceeding to a consideration of the grounds on which the defendant seeks a reversal it appears that it should be pointed out that the information charged in general terms that while he was engaged in the unlawful operation of a motor vehicle he caused it, without malice, to collide on a city street in Kearney, Nebraska, with the body of Vera Bartu, injuring her and causing her death. The thing which was unlawful in the operation is not described. This failure to describe or designate the thing which was unlawful was not attacked either before or at the trial.

The court, by its instruction No. 6, limited the area of consideration of unlawful operation by the jury to: (1) Operation of a motor vehicle on a highway at a speed in excess of what was reasonable and prudent under the then existing conditions, (2) speed in excess of 25 miles an hour in any city or village except when 25 miles an hour would be unsafe or was hazardous, (3) speed greater than was reasonable and proper with regard to traffic conditions and use on any road, avenue, or boulevard running within, through, or along the

grounds of state institutions, and (4) operation while under the influence of alcoholic liquor. Of this instruction no complaint by assignment of error has been made.

The brief of the defendant contains numerous assignments of error. The primary contention however is that the admissible evidence is not sufficient upon which to base a finding that at the time and place in question the defendant was operating a motor vehicle unlawfully and that such unlawful operation was the proximate cause of the death of Vera Bartu. It is admitted that Vera Bartu came to her death as the result of the collision with a motor vehicle operated by the defendant, but the substantial contention of the defendant is that there has been a failure of proof that the operation was unlawful and the proximate cause of the death.

In an action of this kind the burden is upon the State to prove beyond a reasonable doubt that the person charged operated his motor vehicle in violation of one or more of the statutory provisions relating to the operation of motor vehicles. Hoffman v. State, 162 Neb. 806, 77 N. W. 2d 592.

The burden is on the State also to prove that the unlawful act or acts were the proximate cause of the death. Birdsley v. State, 161 Neb. 581, 74 N. W. 2d 377.

Facts about which there is no controversy, but which must be considered in determining whether or not the conviction in this case shall be sustained, are the following: On October 22, 1956, at about 7:30 p.m., Vera Bartu was standing on the north side of Twenty-sixth Street in Kearney, Nebraska, at a point directly south of a building on the grounds of the Kearney State Teachers College known as Case Hall. This street extends east and west and separates the buildings on the north from the main buildings of the college which are to the south. The place where she was standing was not in a cross walk but it was in an area not used for parking automobiles. To the east about 169 feet is

Ninth Avenue which extends north and south. Vera Bartu started to cross over Twenty-sixth Street to the south or southwest and while she was crossing the defendant came from the east in a 1948 Plymouth automobile. The left front corner of the automobile struck her, as a result of which she was thrown through the air and westward the distance of about 75 feet, and the force of the impact caused her to be propelled on the surface of the street until she had reached a point about 170 feet from the point of the collision. On examination immediately thereafter it was found that she was dead. The defendant did not stop or reduce the speed of the automobile until he reached Eleventh Avenue which was to the west. He returned to the scene a few minutes later and reported that he was the operator of the automobile which struck Vera Bartu. Thereafter he was taken to a local hospital where with his consent blood samples were taken for the purpose of determining whether or not in his blood there was evidence of alcohol or of intoxication. Thereafter he was taken to the police station where he was interviewed and where observations were made of his appearance, his conduct, and his speech.

Other facts disclosed by the record are that within a few minutes after the collision Dr. O. R. Hayes appeared on the scene. It was he who took the blood samples. The analysis of the samples indicated an alcoholic content of 0.14 percent. This witness talked with and observed the defendant at the hospital and later at the police station. He related at length what took place on these occasions, the details of which it is not deemed necessary to set forth here. He also testified to a broad experience in the observation of persons under the influence of intoxicating liquor. At the conclusion of this foundation he was allowed over objection to give his opinion as to whether or not at the time in question the defendant was under the influence of in-

toxicating liquor. He gave it as his opinion that there was some degree of alcoholic influence.

The sheriff of Buffalo County gave it as his opinion that at the time the incidents involved here came about the defendant was under the influence of intoxicating liquor. The opinion was given after exhaustive foundation was laid, which foundation does not require restating herein.

The defendant contends that the evidence was inadmissible as proof that he was operating his automobile while under the influence of alcoholic liquor at the time Vera Bartu was killed. The contention is without merit. In Howard v. State, 109 Neb. 817, 192 N. W. 505, it is said: "The rule, as deduced from the weight of authority, is that a witness may testify, from observation, whether a person was intoxicated. Intoxication is a fact which a witness may ascertain in the same manner in which he ascertains other facts. He may give the details and then may state the ultimate fact of intoxication as derived from observation." See, also, Schluter v. State, 153 Neb. 317, 44 N. W. 2d 588; Franz v. State, 156 Neb. 587, 57 N. W. 2d 139.

The evidence of these witnesses was admissible. The weight and sufficiency of it was for the jury. Franz v. State, *supra*.

Four witnesses on behalf of the State who observed the movements of the automobile of the defendant at the time of the occurrence were allowed to give their respective opinions as to the rate of speed at which it was moving. The defendant urges that no proper and sufficient foundation was laid for the admission of these opinions. Each of the witnesses had driven automobiles and testified that he was able from observation to reasonably accurately estimate the speed of moving vehicles. A brief summary of the other foundational testimony of the four witnesses is the following:

One of the witnesses testified that he was about 75 feet north of Twenty-sixth Street, walking south; that

he heard the automobile coming from the east; that he heard the impact; that he saw the car and the body of Vera Bartu west of the walk which leads out of Case Hall; that the street lighting was very good; that he observed the movement of the automobile for 325 to 350 feet and its speed did not appear to increase or decrease while he watched; and that in his opinion the speed was from 35 to 40 miles an hour.

Another testified that he saw the automobile about 50 feet before and about 200 feet after it struck Vera Bartu; that it did not slow down; and that in his opinion the speed was over 45 miles an hour.

Another testified he saw the automobile and watched it for 300 to 350 feet. He testified that in his opinion the speed was 35 miles an hour. Incidentally no objection as to foundation in this instance appears in the bill of exceptions.

The other witness testified that he heard the automobile hit a dip at the intersection of Ninth Avenue and Twenty-sixth Street, that he first saw it 10 or 15 yards west of that point and saw it for as much as 250 feet thereafter, and that at that time he did not arrive at an opinion as to the rate of speed but after putting everything together he arrived at an opinion that the speed was 40 miles an hour.

In the light of controlling principles the conclusion is reached that there was sufficient foundation for the receipt in evidence of the opinions of these witnesses as to the speed at which the automobile of the defendant was being operated at the time Vera Bartu was struck and killed.

In Koutsky v. Grabowski, 150 Neb. 508, 34 N. W. 2d 893, it was said: "Speed of an automobile is not a matter of exclusive knowledge or skill, but anyone with a knowledge of time and distance is a competent witness to give an estimate. The opportunity and extent of his observation goes to the weight of the testimony." See, also, Schluter v. State, *supra;* Haight v. Nelson,

157 Neb. 341, 59 N. W. 2d 576, 42 A. L. R. 2d 1.

The testimony of these witnesses was competent proof that the defendant was operating his automobile in excess of 25 miles an hour in the city of Kearney, Nebraska. Coupled with other evidence in the case it was competent proof that at the time and under existing conditions the speed, whether it was greater or less than 25 miles an hour, was unreasonable and imprudent. The operation of the automobile was along the grounds of a state institution. Again coupled with other evidence in the case it was competent proof that the speed of the automobile was unreasonable in the light of the condition and use of the street.

Other evidence to which reference has been made is that Twenty-sixth Street was well-lighted and that objects on the street were readily observable. The street was crossed in custom by the students at the college of which the defendant was one. Vera Bartu was in a position where the defendant could readily have observed her after crossing Ninth Avenue. There was no apparent effort by defendant to avoid driving into Vera Bartu or to stop for a considerable distance after she had been struck.

Of course this evidence as to speed, the summary of related events, and the evidence as to the defendant being at the time under the influence of intoxicating liquor does not stand without controversion. The defendant denied that he was under the influence of intoxicating liquor and there was other evidence to support his denial including evidence from expert witnesses elicited through hypothetical questions. As to speed the defendant testified that he was driving 20 to 25 miles an hour. He further testified in substance that at the time he did not know what he struck but, whatever it was, it came in front of his automobile so suddenly that he as unable to avoid striking it.

In a criminal case such as this where there is conflicting evidence the rule is the following: "This court,

in a criminal action, will not interfere with a verdict of guilty, based upon conflicting evidence, unless it is so lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt." Birdsley v. State, *supra*. This principle has been announced in varying terms but in a like sense in other decisions of this court. See, Vaca v. State, 150 Neb. 516, 34 N. W. 2d 873; Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349; Vanderheiden v. State, 156 Neb. 735, 57 N. W. 2d 761.

It must be said therefore that the verdict and judgment are not to be vacated and set aside unless there is found some fatal error in the proceedings leading up to the trial or there was prejudicial error occurring at the trial as contended by the defendant in his assignments of error.

Following the acts which are the basis of the prosecution herein the defendant was charged by formal complaint in the county court of Buffalo County, Nebraska, with motor vehicle homicide. A hearing was had at the conclusion of which the defendant was held to the district court for trial. Thereafter he filed an action in habeas corpus the purpose of which was to obtain his release on the ground that the evidence in the county court was insufficient upon which to hold him for trial in the district court. A trial was had and his release was denied. From that adjudication the defendant appealed to this court. The appeal was pending at the time the defendant was called for trial on the charge of motor vehicle homicide in the district court. On that ground he made application for continuance pending the final disposition of the appeal. The application was denied. He contends that this was error. Incidentally by opinion of this court in Pribyl v. Frank, *ante* p. 239, 85 N. W. 2d 328, the appeal was decided adversely to the defendant herein.

This subject is considered at length in the annotation in 63 A. L. R. 1460. Cases from various jurisdictions

are cited and reviewed therein. The conclusion reached as to instances wherein the writ of habeas corpus has been denied, in the absence of controlling statute, is that a continuance of the trial of the criminal action until the appeal in the habeas corpus action has been decided may properly be denied. The opposite is true if the writ has been allowed and the respondent has taken the appeal.

In this state there is no statute relating to the subject, therefore the assignment must be resolved against the defendant herein.

On the trial of this case the regular panel of jurors was exhausted and under the direction of the court talesmen were called. This action has been assigned as error. At the outset it should be said that no objection to this procedure was made at the time. The objection was first registered in the motion for new trial. It should further be said that there is nothing in the record to indicate that by this the defendant was or could have been thereby prejudiced.

By the terms of section 25-1634, R. R. S. 1943, prior to 1953, the calling of talesmen in the manner in which it is claimed they were called, provided objection had been timely made, would have been reversible error. The section at that time permitted the calling of talesmen in the case of "great emergency." In Losieau v. State, 157 Neb. 115, 58 N. W. 2d 824, in interpretation of this emergency provision, this court, by quotation from Russell v. State, 77 Neb. 519, 110 N. W. 380, said:  " 'If the method pointed out by the statute for securing jurors is disregarded, no doubt the defendant may object to being tried upon a criminal charge before the jury so obtained. In such case the law will presume prejudice.' "

This statute however was amended by the Legislature in 1953. The amendment appears in part as section 25-1634.02, R. R. S. 1943. In it the following was substituted: "When it is deemed necessary the judge shall direct * * * the sheriff of the county * * * to summon

from the bystanders or the body of the county a sufficient number of persons \* \* \* to fill the panel, in order that a jury may be obtained." It appears that the intent and purpose of the amendment and change was to cause the question of whether or not talesmen were necessary to reside in the sound discretion of the judge.

There is in addition to this conclusive reason why the defendant in this case may not now be heard to complain. While the statute contained the emergency provision this court, in considering the question presented by this assignment of error, said in Jordan v. State, 101 Neb. 430, 163 N. W. 801: "Defendant made no objection at the time, nor is any complaint made against the character or conduct of the juror so summoned. While perhaps the order ought to have been in the language of the statute, no objection was made at the time and no prejudice is shown. In the absence of such showing, it will be treated as error without prejudice." The assignment does not present error which may be regarded as prejudicial.

The defendant contends that it was error to submit the case to the jury on the charge of motor vehicle homicide rather than manslaughter. The contention is fallacious. This court, in Birdsley v. State, *supra*, pointed out that motor vehicle homicide was not manslaughter but was distinct therefrom. It was said: "In that connection, when the Legislature enacted section 28-403.01, R. S. Supp., 1953, it simply created and defined the crime of motor vehicle homicide in amelioration of the crime of manslaughter."

The next question is that of whether or not the court erred in permitting photographs of the appearance of Vera Bartu to be admitted in evidence. There is no substantial contention that they failed to accurately display and to expose to the jury the observable condition of Vera Bartu immediately after and caused by being struck by the defendant's automobile. The contention is that the evidence of her condition was fully disclosed

by testimony and that the only purpose and effect of the presentation of the photographs was to inflame the passions of the jury.

This court said in Vaca v. State, *supra*: "A photograph proved to be a true representation of the person, place, or thing which it purports to represent, is competent evidence of anything of which it is competent and relevant for a witness to give a verbal description."

In the same case it was said: "Where a photograph illustrates or makes clear some controverted issue in the case, a proper foundation having otherwise been laid for its reception in evidence, it may properly be received, even though it may present a gruesome spectacle." See, also, MacAvoy v. State, 144 Neb. 827, 15 N. W. 2d 45; Lee v. State, 147 Neb. 333, 23 N. W. 2d 316.

It cannot well be said that the condition of Vera Bartu was not a matter proper for consideration of the jury in determining the manner and speed at which the defendant was operating his automobile. The assignment of error may not be sustained.

The next question to be considered is that of whether or not the court erred in refusing to exclude the witnesses for the State from the courtroom until called as witnesses.

The general rule is that the segregation of the witnesses in a criminal trial is ordinarily a matter within the discretion of the trial court. See, Binfield v. State, 15 Neb. 484, 19 N. W. 607; Maynard v. State, 81 Neb. 301, 116 N. W. 53; Johns v. State, 88 Neb. 145, 129 N. W. 247; Roberts v. State, 100 Neb. 199, 158 N. W. 930, Ann. Cas. 1917E 1040. In the opinions in these cases attention has been directed to conditions under which the advisability of segregation has been indicated, but no standard has been declared whereby it may be said that discretion has been abused by failure to segregate.

In Maynard v. State, *supra*, an indication appears that abuse of discretion may not be declared arbitrarily but it may be declared only if there are facts and circum-

stances indicating abuse. In the opinion it was said: "Aside from what was developed later in the trial, and of which the court presumably had no knowledge at the time of the ruling upon the request, we are not advised of any abuse of discretion on the part of the court." It was further stated: "That such a request, in cases of the importance of this one, should be granted cannot be questioned." Despite the quoted admonitory statement the conviction was affirmed.

In the case at bar there is nothing to indicate that the defendant was in anywise prejudiced by the refusal to segregate the State's witnesses, in consequence of which the conclusion reached is that there was no abuse of discretion.

By the next assignment of error to be considered the defendant contends that the court erred in refusing to give three instructions which were requested. The substance of the first offered instruction was a request that the court instruct the jury that before the defendant could be convicted of the charge against him the jury must find that he was guilty of gross or great and excessive negligence.

This court made it clear in Hoffman v. State, *supra,* that negligence or gross negligence as such is not an element of the crime of motor vehicle homicide. There must be proof of unlawful operation. Negligence may be and usually is a basic element in unlawful operation and may be proved but the essential element of the crime as declared by the statute is the unlawful act.

The second of the three instructions was a request that the jury be instructed that it must be proved that the unlawful act was the proximate cause of the death. The jury was clearly so instructed by instruction No. 4 given by the court on its own motion.

The third of the three instructions, to the extent necessary to consider it here, was a request that the court charge that before the collision the defendant was engaged in the felonious operation of his automobile. There

is no merit to the contention. The subject will be dismissed with the statement that the gist of the offense of causing death as the result of unlawful operation is not felonious operation but only unlawful operation.

The county attorney was allowed to testify as a witness for the State. The defendant insists that this was error. The theory of disqualification as a witness is not made clear. No case cited or found contains a rule disqualifying a county attorney as a witness. The rule in this state is stated as follows in Frank v. State, 150 Neb. 745, 35 N. W. 2d 816: "It is improper in a criminal prosecution for the court to allow one who testifies as a witness to the principal facts to also as attorney conduct the trial in the examination of witnesses or argument to the jury, or to conduct himself in any manner inconsistent with his position as a witness or his interest as an officer of the state." Citations supporting the rule appear in the opinion. The county attorney by his conduct fully conformed to the rule with its inhibitions and took no part in the trial except as a witness. He did not even inform against the defendant. There is no merit in the assignment of error.

The defendant urges as error that there were two incidents of the admission of evidence on rebuttal which were not properly rebuttal. The first relates to the evidence of the witness Hayes. In the case-in-chief he testified that he took the samples of blood for the purpose of ascertaining whether or not there was alcohol in the blood. As a part of the technique he testified that he used an antiseptic before the extraction of blood. The lapsed time between the application of the antiseptic and the taking of the sample was not described with certainty. Witnesses for the defendant testified in substance that if alcohol was used as an antiseptic the showing of alcoholic content in the sample would probably not be accurate in the absence of the lapse of a given length of time between the application of the alcohol and the extraction of the sample. The witness Hayes

was called on rebuttal to and he did explain the technique of taking the samples as to the time elapsing after the application of the antiseptic, which antiseptic was alcohol.

This evidence was not strictly rebuttal but was admissible on rebuttal, being merely elucidative of evidence already given by the witness in the case-in-chief. "In a criminal prosecution, any testimony, otherwise competent, which tends to dispute the testimony offered on behalf of the accused as to a material fact, is proper rebuttal testimony." Drewes v. State, 156 Neb. 319, 56 N. W. 2d 113.

In the same opinion it was said: "It is within the discretion of the court to permit in rebuttal the introduction of evidence not strictly rebutting." See, also, Hampton v. State, 148 Neb. 574, 28 N. W. 2d 322; Parker v. State, 164 Neb. 614, 83 N. W. 2d 347. It may not well be said that the court abused its discretion in the admission of this evidence.

The second relates to separate incidents of evidence of two conversations with the defendant after the fatal incident. One related to what the defendant purportedly said about the consumption of alcoholic liquor. The defendant responded to it on surrebuttal. The other related to a matter having no pertinence in any manner. It related to loss of antifreeze. Though not competent evidence it is not possible to see how it prejudiced the defendant. The evidence in neither instance has been shown to have been in anywise prejudicial.

The remaining question to be considered under the assignments of error is a contention that the sentence imposed by the court is excessive. The statute defining the crime of motor vehicle homicide provides the range in penalty which may be imposed in case of conviction. The minimum is a fine in any amount not exceeding $500 and the maximum is 10 years imprisonment in the penitentiary and a fine of $500. What the penalty shall be

resides in the discretion of the court in each case. See § 28-403.01, R. R. S. 1943.

Under circumstances such as are present in this case the rule is as follows: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Salyers v. State, 159 Neb. 235, 66 N. W. 2d 576. See, also, Hyslop v. State, 159 Neb. 802, 68 N. W. 2d 698. There is nothing in the record in this case to justify a conclusion by this court that the trial court abused its discretion in the assessment of the penalty.

Finding no prejudicial error the judgment of the district court is affirmed.

AFFIRMED.