155 N.W.2d 189 (1967)
182 Neb. 379
STATE of Nebraska, Appellee,
v.
Howard LeRoy WILLIAMS, Appellant.
No. 36430.
Supreme Court of Nebraska.
December 22, 1967.
*190 Robert W. Haney, Omaha, for appellant
Clarence A. H. Meyer, Atty. Gen., Mel Kammerlohr, Asst. Atty. Gen., Lincoln, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.
NEWTON, Justice.
This is an appeal from the conviction by a jury of the defendant on a charge of attempted burglary. The evidence of the State discloses that at about 4 a.m. on the morning of November 6, 1964, two police officers, while cruising about with the lights on their automobile turned off, approached an establishment referred to as Al's Bar. There was a lighted telephone booth adjacent to Al's Bar and there were two street lights, one across the street and one about half way up the street in the same block, about three or four doors from Al's Bar. They observed two individuals standing in front of the door of Al's Bar when they were about 100 yards away. One of the officers stated that the defendant seemed to be pulling at the door to Al's Bar or shaking it and that he observed some object in the defendant's hand which could have been a crowbar although he could not identify it as such. As the officers approached to within about 75 yards, the individual with the defendant, who was identified as one Charles Green, walked rapidly away. The defendant stepped over in front of the adjacent telephone booth and stopped. Both were then apprehended. The officers, on examining the door to Al's Bar, found that it had two locks, both of which had been "broken, or pried off, or forced off" by some type of instrument and the door could be readily pulled open. There were marks on the door and on the door jamb adjacent to the locks made by an instrument of some type. The second officer stated he had not been able to observe anything in the defendant's hand as they approached "because he never turned flush." There was about a 6-inch space between Al's Bar and the telephone booth and in this area, the officers found a crowbar. A very short time later, pictures were taken of the door to Al's Bar from both inside and outside and of the front of the building showing the relative position of the door to Al's Bar and the telephone booth.
The defendant testified that he had been to several taverns or nightclubs during the preceding night and early morning hours. Shortly before his apprehension, he had decided to go to Johnny Watson's jitney joint which was located in a building adjacent to Al's Bar. When he got there, he did not enter *191 Johnny Watson's place, but walked by it to the telephone booth with the intention of calling his mother to tell her he would not be home. He entered the booth twice and called his home but received a busy signal. He went back out on the sidewalk with the intention of calling again in a short time, encountered Charles Green, and was standing there visiting with him when apprehended. He denies that he had ever touched the door to Al's Bar although he might have stood in front of it. He further stated that he had encountered Charles Green once earlier in the evening at one of the taverns or nightclubs that he had attended and that after his arrest, the police came back with the crowbar which they placed in the cruiser.
Defendant contends that error was committed when exhibit 1, the picture showing the door to Al's Bar and the telephone booth, was admitted in evidence because it also showed the crowbar lying between the two buildings. Objection was made to the introduction of this picture and to the introduction of the crowbar itself, the latter objection being sustained by the trial court. Evidence of the officers to the finding of the crowbar and its identification was not objected to and error cannot now be predicated upon the admission of such testimony. See, State v. Snell, 177 Neb. 396, 128 N.W.2d 823; State v. Homan, 180 Neb. 7, 141 N.W.2d 30. In view of this evidence, the admission of exhibit 1 could not be considered prejudicial. The exhibit does serve to clarify the relative positions of the telephone booth, the door to Al's Bar, and the space between the building housing the bar and the telephone booth. The relative location of these buildings was very material in view of the testimony of the officers as to defendant's position when first observed and in view of his own testimony regarding his movements. "A photograph proved to be a true representation of the person, place, or thing which it purports to represent is proper evidence of anything of which it is competent and relevant for a witness to give a verbal description." Davis v. State, 171 Neb. 333, 106 N.W.2d 490. "Where a photograph illustrates or makes clear some controverted issue in the case, a proper foundation having otherwise been laid for its reception in evidence, it may properly be received * * *." Pribyl v. State, 165 Neb. 691, 87 N.W.2d 201. The evidence of the officers, if believed, would indicate that they had interrupted the defendant and Charles Green in the act of breaking into Al's Bar. The defendant was seen directly in front of the door, pulling on it, and had some object or instrument in his hand which the officer could not identify. As the officers approached, he stepped over toward the telephone booth in the vicinity where the crowbar was found and he could have then readily disposed of whatever he had in his hand in the area between the telephone booth and the building occupied by Al's Bar. Under such circumstances, it is a reasonable inference that the crowbar which was found was the object seen in the defendant's hand and was disposed of by him at the place where it was found as the officers approached. It is not contradicted that the crowbar was found immediately adjacent to the scene of the crime. The circumstances are sufficient to warrant a reasonable inference that the defendant had used the crowbar and deposited it there. The inference of it having been in defendant's possession is sufficient to have warranted the admission of the crowbar, let alone the picture objected to. "* * * where an accused is identified as having been at or near the scene of a crime about the time of its commission evidence showing that he owned, possessed, or had access to any articles with which the crime was or might have been committed is competent." Liakas v. State, 161 Neb. 130, 72 N.W.2d 677.
Defendant also contends that the evidence is insufficient to sustain a finding of guilt. On examination of the evidence which has been above set forth, we believe there was sufficient evidence to justify the submission of this case to the jury. "This court, in a criminal action, will not interfere with a verdict of guilty based upon conflicting *192 evidence unless it is so lacking in probative force that, as a matter of law, it is insufficient to support a finding of guilt beyond a reasonable doubt." State v. Eberhardt, 179 Neb. 843, 140 N.W.2d 802. See, also, Buckley v. State, 131 Neb. 752, 269 N. W. 892. It might properly be pointed out in this respect that where individuals attempting a burglary are interrupted while in the process of breaking and entering, the door has been forced, an instrument of some type is seen in the hands of one of them, and a crowbar, such as is frequently used for such purposes, is found in the immediate vicinity where it could readily have been disposed of as the officers approached, it would ordinarily be difficult to obtain stronger evidence against one caught red-handed in the commission of such an offense.
No error appearing, the judgment of the district court is affirmed.
Affirmed.
SMITH, J., participating on briefs.