STATE OF NEBRASKA, APPELLEE, V. MICHAEL ROY, APPELLANT.

333 N.W.2d 398

Filed April 29, 1983. No. 82-527.

John P. Murphy, Lincoln County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

The defendant, Michael Roy, appeals from the judgment of conviction entered by the trial court pursuant to the jury's verdict of guilty on a charge

of first degree sexual assault by the defendant upon his 2-year-old stepdaughter.

Defendant claims the trial court erred in allowing an emergency room nurse's aide to testify as to the victim's response of "daddy" to the query, "Who hurt you?" and in failing to sustain defendant's motion in limine with respect to statements made by him in connection with a polygraph examination. We find no error, and affirm the judgment of the trial court.

As to the first assignment of error, the relevant facts are that when the child's mother returned home from work sometime after 3 a.m., she found the child in the girl's bedroom "covered in blood and feces." The child was brought whimpering into the emergency room of Great Plains Medical Center at North Platte sometime between 4 and 5 a.m. Examination revealed she had multiple bruises about her body and was bleeding from the vaginal area. While being examined, the child asked several times whether the examiners were going to hurt her "any more." When asked, within 15 or 20 minutes after being brought to the hospital, who had hurt her, the child replied as stated previously.

On those facts we reject defendant's arguments that the child's response was inadmissible as hearsay which violated his rights of confrontation under the sixth amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution.

A statement relating to a startling event made while the declarant was under the stress of the excitement caused by the event constitutes an exception to the general rule that hearsay is not admissible into evidence. Neb. Rev. Stat. §§ 27-802 and 27-803 (Reissue 1979). In precode cases we expressed that thought by holding statements made under the immediate force of the circumstances and not as afterthoughts to be admissible. *Crunk v. Glover*, 167 Neb. 816, 95 N.W.2d 135 (1959); *Bowers v. Kugler*, 140 Neb. 684, 1 N.W.2d 299 (1941).

*United States v. Nick,* 604 F.2d 1199 (9th Cir. 1979), approved the admission, over hearsay and confrontation clause objections, of the mother's testimony concerning a 3-year-old sexual assault victim's statements concerning the incident, including identification. As in the instant case, the mother in *Nick* discovered the child an unknown period of time after the assault. The Ninth Circuit Court held the trial court properly concluded that the child was suffering distress from the assault when he made the statements, and therefore the testimony was properly admissible under the excited utterance exception to the hearsay rule. The *Nick* court also held that the availability of cross-examination is not the sole criterion by which to test the admissibility of hearsay over objections based on the right of confrontation. In this context the essential confrontation issue is whether the hearsay is, under all the circumstances, sufficiently reliable and trustworthy and whether there is a demonstrated need for the evidence; the availability of cross-examination is simply one of the means by which the quality of reliability is tested. The case of *United States v. Iron Shell,* 633 F.2d 77 (8th Cir. 1980), *cert. denied* 450 U.S. 1001, 101 S. Ct. 1709, 68 L. Ed. 2d 203 (1981), held that the confrontation clause was not violated where the hearsay statements admitted into evidence had sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior statements. That court held that the trial court did not abuse its discretion in admitting the testimony of a police officer concerning a 9-year-old victim's statements made somewhere between 45 minutes and 1 hour and 15 minutes after the assault. The court stated that neither the lapse of time between the startling event and the out-of-court statements nor the fact that the statements were made in response to a question were dispositive in the application of the excited utterance exception. Rather, it held that the trial court must weigh those factors

together with other factors, including the age and physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statements. The court said that the admission into evidence of hearsay statements having sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating their truth does not violate the confrontation clause.

Defendant seeks to read *California v. Green*, 399 U.S. 149, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970), admitting an inconsistent preliminary hearing statement into evidence; *Nelson v. O'Neil*, 402 U.S. 622, 91 S. Ct. 1723, 29 L. Ed. 2d 222 (1971), involving an out-of-court statement by a codefendant; and *Ohio v. Roberts*, 448 U.S. 56, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980), approving the use of an unavailable witness' preliminary hearing testimony, to make the right of confrontation turn solely upon the opportunity to cross-examine. We do not so read those cases. We read them to hold only that providing an opportunity to cross-examine is one means of satisfying the right of confrontation. We do not read them to hold that the right of confrontation precludes the receipt into evidence of otherwise admissible hearsay. As stated in *Dutton v. Evans*, 400 U.S. 74, 91 S. Ct. 210, 27 L. Ed. 2d 213 (1970), the constitutional right of confrontation does not require that no hearsay evidence per se be produced; the hearsay rule and the confrontation clause are not to be equated; the hearsay rule does not prevent a witness from testifying as to what he has heard—instead, it is a restriction on the proof of fact through extrajudicial statements; and the mission of the confrontation clause is to advance practical concern for the accuracy of the truth determination process in criminal trials by assuring that the trier of fact has a satisfactory basis for evaluating the truth of the prior statement.

We conclude that the tender age of the victim, her battered physical condition, the startling nature of the event and attendant hospital trip and examina-

tion, and the fact that the response was elicited in connection with the child's fear of further injury resulted in the response having been made under the stress of the excitement caused by the event, and created sufficient indicia of reliability to qualify the response as an excited utterance such as to overcome both the hearsay and right of confrontation objections. We therefore hold that the trial court did not abuse its discretion by admitting the response into evidence.

Defendant's second assignment of error relates to the trial court's rulings on his motion in limine. That motion asked the court to direct that no mention be permitted as to any statement made by the defendant before, during, after, or as the result of a polygraph examination administered to him, or as to any evidence obtained as the result thereof. The court's rulings in that regard sustained the motion with respect to any mention that there had been a polygraph examination; stated that if any part of the interview were going to be used, it would have to be transcribed so it could "see the questions before and the questions afterwards"; and further provided that the material "under proper conditions . . . may be used for impeachment." That ruling is obviously different than the ruling in *State v. Williams*, 212 Neb. 860, 326 N.W.2d 678 (1982), wherein we held that the trial court erred in overruling defendant's motion in limine which sought to prevent the State from impeaching the defendant by referring to inadmissible prior petit larceny convictions. In *Williams* the prosecutor not only represented that he intended to use such improper evidence to impeach the defendant but the trial judge stated that such impeachment would be permitted. Unlike that situation, the record in this case does not establish unequivocally that the trial court would allow impeachment of the defendant through the use of inadmissible evidence. Accordingly, this case is controlled by the rule of *Maricle v. Spiegel*, 213 Neb. 223, 329 N.W.2d 80

(1983), that, generally, a proper objection to the receipt of evidence is required to preserve for review any error in the overruling of a motion in limine. The defendant elected to not take the stand; therefore, there were no questions to which objections were improperly overruled. Consequently, there is no basis for predicating error on the trial court's rulings on the motion in limine.

AFFIRMED.

McCown, J., concurs in the result.