REQUESTED BY: Senator John DeCamp Nebraska State Legislature
Is LB 90, as amended, constitutional?
Yes.
You have submitted for our review amendment 2657 to LB 90 which is reflected in the 46th day — March 20, 1986 Legislative Journal.
The Sixth Amendment to the United States Constitution guarantees the defendant the right to confront his accusers. TheSixth Amendment has been made applicable through theFourteenth Amendment to the States. In addition, the Nebraska Constitution under Article I, Section 11 provides as follows:
In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of accusation, and to have a copy thereof; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. (Emphasis added).
It is generally agreed that the process of confrontation has two general purposes. The first and essential purpose of confrontation is to secure the opportunity of cross-examination. The right of cross-examination has not been without exceptions. The framers of the constitution did not enumerate the exceptions to the cross-examination principle. Over the years a number of exceptions have been legitimately developed and created and have withstood the test of court scrutiny.
In each instance, the focus of the court has been to ensure that there are indicia of reliability as to the testimony which is proposed so that the trier of fact has a satisfactory basis for evaluating the truth of the offered evidence.
In Kay v. United States, 255 F.2d 476 (4th Cir.) cert. denied 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d 65 held:
The confrontation clause was intended to prevent the trial of criminal cases upon affidavits, not to serve as a rigid and inflexible barrier against the orderly development of reasonable and necessary exceptions to the hearsay rule.
The power of Congress and of a state Legislature to provide for the admission of evidence is not subject to any arbitrary limitation . . . they may carve out a new exception to the hearsay rule, without violating constitutional rights, where there is reasonable necessity for it and where it is supported by an adequate basis for assurance that the evidence has those qualities of reliability and trustworthiness attributed to other evidence admissible under long-established exceptions to the hearsay rule.
It seems rather obvious that the Sixth Amendment's right to confrontation has an acknowledged legitimate possibility of expansion within recognized exceptions. Those exceptions must guarantee the trustworthiness of the testimony. The fundamental question again is whether the reliability of the evidence is such that cross-examination could impeach its credibility or authenticity.
In the usual situation, the Sixth Amendment confrontation clause requires that the prosecution either produce the witness or demonstrate the unavailability of the declarant whose statement it wishes to use against the defendant. A demonstration of unavailability, however, is not required in every case. If the reliability may be established theSixth Amendment does not necessarily require absolute confrontation.
In Ohio v. Roberts, 448 U.S. 56, 65 L.Ed.2d 597,100 S.Ct. 2531, the court considered whether the admission at trial of an unavailable witnesses preliminary hearing testimony violated the defendant's right to confrontation. Basically, the court established a two-pronged test to avoid violation of the confrontation clause. The test as established in Roberts resulted in the necessity of showing that the witness must be unavailable and secondly, that the offered testimony is supported by sufficient guarantees of trustworthiness.
To the extent that young children have been required to participate in the court setting, it has been shown that forcing the children to testify in court can cause severe emotional damage and that by reason thereof they are truly psychologically unavailable.
In reviewing the request for the video taped deposition it would appear that the court must consider the probability of psychological injury as a result of testifying; the degree of anticipated injury; the expected duration of the injury and finally, whether the expected injury or psychological damage is sufficiently greater than the reaction of the average victim of a criminal act.
In State v. Roy, 214 Neb. 204, 333 N.W.2d 398, the Nebraska Supreme Court cited U.S. v. Iron Shell, 633 F.2d 77 (8th Cir. 1980) cert. denied 450 U.S. 1001, 101 S.Ct., 1709, 68 L.Ed.2d 203
(1981) for the proposition that the confrontation clause is not violated where the statement which is admitted into evidence has sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the statements.
The court in Roy stated:
. . . the mission of the confrontation clause is to advance practical concern for the accuracy of the truth determination process in criminal trials by assuring that the trier of fact has a satisfactory basis for evaluating the truth of the prior statement.214 Neb. at 207.
In Roy, the court was reviewing a jury's verdict of guilty on a charge of first degree sexual assault by the defendant upon his two-year old stepdaughter. The court concluded that the tender age of the victim, her battered physical condition and the startling nature of the event, together with the fact that the evidence has been elicited in connection with the child's fear of further injury provided a sufficient basis of reliability to qualify as an acceptable exception to the hearsay rule and therefore, the excited utterance of the child was permitted to be reviewed by the jury. In State v. Melendez, 661 P.2d 654
(Ariz.App. 1982) the court reviewed an objection by the defendant as to confrontation in view of the fact that he had been convicted by use of a video tape statement of the victim. The court recognized that it was required to balance the competing interest, particularly in view of the fact that the defendant and his counsel were present during the video taping and had an opportunity to cross-examine the victim. Given that situation, the court felt that the defendant had not been prejudiced and that the court's discretion was justified in allowing modern technology to meet the special needs of a witness. They point out that the Arizona Court was construing its Constitution which has language similar to the Nebraska Constitution requiring the defendant to "meet the witnesses against him face to face."
In U.S. v. Nick, 604 F.2d 1199 (1979) the court ruled
The question in each case must be whether a particular hearsay declaration, otherwise admissible, has such great probative value as evidence of a material fact and such a high degree of trustworthiness under all of the circumstances that its reception outweighs any risk to a defendant that unreliable evidence may be received against him, the deficiencies of which he cannot adequately test because he cannot cross-examine the declarant.604 F.2d at 1203.
The problem in the Nick case resulted from the fact that the defendant objected to the mother's testimony concerning the child's statement to her which had been admitted on the basis of being excited utterances. The case presented a situation in which the problem was the declarant was not subject to cross-examination at any time, and, as a practical matter could not have been subjected to cross-examination even if the witness had been called to testify by reason of his extremely tender years.
The court in affirming the conviction provided that the essential confrontation clause issue presents a question as to whether the evidence has a high degree of reliability and trustworthiness and there is a demonstrated need for the evidence. The court goes on further to point out that availability of cross-examination is simply one of the means by which the quality of the reliability is tested.
The Iron Shell case cited earlier reviewed the Nick decision when it concluded that the confrontation clause had not been violated because of admissions of statements made to the treating position. In so holding, the court recognized that there were several special types of "unavailability" which would satisfy the concerns of the confrontation clause.
U.S. v. Cree, 778 F.2d 474 (1985) the conviction of the defendant was affirmed in regard to an assault on two young boys. The court concluded that the interest of justice was duly served by admission into evidence of testimony concerning the child's statements to the social worker and thereby avoided a potentially traumatic court room experience. The statements were held to not violate the defendant's Sixth Amendment right to confront the witness. It would appear therefore, that again the court in the Eighth Circuit has recently concluded that the issues on admissibility of this type of evidence can rise or fall on the considerations of trustworthiness; materially; probative value; the interest of justice; and notice.
In U.S. v. Benfield, 593 F.2d 815 (1979) the Eighth Circuit reviewed the admissibility of a statement from a witness whose doctor said could not confront the defendant. A deposition of the witness was taken, the witness however was unaware that the defendant was present in the building observing the statement over a monitor.
In reversing the conviction, the court held that the exceptions to the confrontation clause must be narrowly set forth. The court went on, however, to recognize that electronic technology might permit the development of a constitutional use under a proper factual context.
In 1984 the Eighth Circuit again addressed the video tape exception in U.S. v. Terrazaz-Montano, 747 F.2d 467 holding that the facts warranted an exceptional circumstance. In affirming the conviction, the court held that the video statements of aliens, who had been returned to Mexico, could be used. The court reporter, the defendant's attorney and the presence of the defendant all added to the procedure which the court found approximated a traditional court room setting. In reaching its conclusion, the court held that the trial type setting satisfied the indicia of reliability necessary to satisfy theSixth Amendment.
In conclusion, it would appear that the proposed legislation is aimed at obtaining trustworthy and credible evidence in regard to criminal acts and that it is consistent with the intent of the proposed legislation to facilitate and preserve such testimony of the child victim or child witness.
Sincerely,
ROBERT M. SPIRE Attorney General
William L. Howland Assistant Attorney General