CLARENCE D. LEMMON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

113 N. W. 2d 525

Filed February 23, 1962. No. 35124.

*Duane W. Acklie* and *Donald E. Leonard,* for plaintiff in error.

*Clarence A. H. Meyer,* Attorney General, and *Bernard L. Packett,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

The plaintiff in error was tried before a jury in the district court for Lancaster County, Nebraska, for the crime of unlawfully operating a motor vehicle while under the influence of alcoholic liquor. The amended complaint and information on which he was tried alleged it to be his second offense. The trial resulted in a verdict of guilty. He was sentenced to pay a fine of $300 and costs, to be imprisoned in the county jail for 30 days, and his driver's license suspended for a period of 1 year after his discharge.

A motion for new trial being overruled, he brings error to this court.

Hereafter the plaintiff in error will be referred to as the defendant, and the defendant in error as the State.

The defendant's brief makes only three assignments of error which are here set out as follows: (1) The court erred in overruling defendant's motion for mistrial at the close of the prosecution's closing argument; (2) the court erred in permitting trooper C. P. Karthauser to give his opinion over objection as to whether or not defendant was under the influence of alcoholic liquor without laying as foundation the facts upon which the conclusion was drawn; and (3) the court erred in failing to sustain defendant's motion for a new trial.

With respect to the first assignment of error an examination of the bill of exceptions, in order to ascertain what the motion for mistrial was about, discloses that it was directed to what are alleged to be improper remarks claimed to have been made in the prosecuting attorney's argument to the jury. The record discloses that the complete argument of the State's attorney was preserved by the reporter in the bill of exceptions. At the close of the argument the court instructed the jury. Immediately after receiving the instructions the jury retired for deliberation. Up to that time no objections whatever had been made to the argument. As soon as the jury retired the defendant's counsel moved for a mistrial because of the alleged improper remarks of the State's attorney in his argument to the jury. The motion was overruled by the court.

An objection made to the argument of opposing counsel after the jury has retired is not timely and will not be reviewed on appeal. 88 C. J. S., Trial, § 196d, p. 387; Eilola v. Oliver Iron Mining Co., 201 Minn. 77, 275 N. W. 408. This court, in Sandomierski v. Fixemer, 163 Neb. 716, 81 N. W. 2d 142, sustained such objections there found to be directed towards improper statements by counsel in his argument. In the cited case, however, they were made before the cause was submitted to the jury. The court there stated that one may not

complain of the misconduct of counsel if with knowledge of such misconduct he does not ask for a mistrial, but consents to take the chances of a favorable verdict. On reading the cited case it is clear that this court also considered it necessary that such a motion be made before the cause is submitted to the jury. The impropriety of counsel's conduct may be such as can be cured by retraction by the offending counsel or by proper instruction by the court, or both, or may be such as cannot be cured either by the court or counsel. 88 C. J. S., Trial, § 197, p. 389. In either event it is necessary that an opportunity be given the court and counsel to correct the misconduct if possible. No such opportunity is given them if the motion is delayed until the jury has entered into its deliberations. Neither is the defendant in such cases permitted to gamble on a favorable verdict and at the same time reserve such an objection to be urged on appeal should the jury decide against him. The motion came too late and if it was merited, which we do not decide, it cannot be considered by this court.

The second assignment of error complains of the court allowing an officer of the state safety patrol to give his opinion as to whether or not the defendant was under the influence of alcoholic liquor when he was driving at the time of arrest.

We will review but a small portion of the evidence of patrolman Karthauser who made the arrest and expressed the opinion as to whose testimony the objection was addressed. Shortly before making the arrest on the day set out in the complaint at 1 o'clock in the morning, and while on a patrol assignment, he observed the defendant driving on the wrong side of the road a short distance from West Lincoln in Lancaster County. The officer turned his patrol car around and followed defendant's car which was going through West Lincoln from the west to east. The defendant's car at times straddled the centerline and at times his car's right wheels went up onto the shoulder. It went back and

forth in this manner three times. The officer could not stop defendant's automobile by flashing his front lights and sounding his siren. At length the officer succeeded in bringing him to a stop. He opened defendant's car door and asked him to get out. The officer testified defendant's breath smelled strongly of alcoholic liquor. He was unsteady on his feet and didn't stand or talk normally. The front of his trousers were unzipped and moisture was about the entire front. The defendant was taken to the county jail and given tests and there engaged in conversation by questioning. He talked as if his tongue was thick and he was hard to understand. His clothing smelled of alcoholic liquor, as had his car theretofore. When asked to stand on one foot he almost fell and couldn't walk in a straight line. His eyes were red and bloodshot. He stated he was not sick, hadn't taken medicine, and had not been hurt. The officer testified he had seen and observed people who were under the influence of alcoholic liquor. After all this and other testimony he was first asked and thereupon gave the answer to the following question: "Q- Taking into consideration your personal observations of the defendant during the time you saw him on the date of the offense charged in this complaint, taking into consideration your training and your experience, do you have an opinion as to whether or not the defendant was then under the influence of alcoholic liquor so as to impair his driving ability? A- I do." On being thereafter asked his opinion, the objection was made that no sufficient foundation had been laid which was overruled and he was permited to answer. Obviously no other ruling would have been proper. In Pribyl v. State, 165 Neb. 691, 87 N. W. 2d 201, this court stated the proper rule to be that a witness may give his opinion from observations made by him, after stating the facts upon which the conclusion is drawn, that a person was or was not under the influence of intoxicating liquor.

The third assignment of error states merely that the trial court erred in failing to sustain the defendant's motion for a new trial. This court's attention is not directed to any specific reason why it should have been sustained. The motion for a new trial in general terms sets out 30 alleged reasons. An assignment of error that the court erred in overruling the motion for a new trial is too indefinite where there are several grounds of error set forth in such motion. Allsman v. Richmond, 55 Neb. 540, 75 N. W. 1094. A party who claims error in a proceeding is required to point out the factual and legal basis that shows the error. O'Hara v. Frederickson Bldg. Corp., 166 Neb. 206, 88 N. W. 2d 643.

The assignment will not be considered.

No other error is assigned and those advanced cannot be sustained.

It follows that the judgment of the trial court must be affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.