DURAND, JACKSON & ASSOCIATES, INC., A CORPORATION, APPELLEE, v. FRED G. NASR, APPELLANT.

143 N. W. 2d 122

Filed June 10, 1966.   No. 36121.

Shrout, Hanley, Nestle & Corrigan, for appellant.

Fitzgerald, Brown, Leahy, McGill & Strom, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MURPHY, District Judge.

McCOWN, J.

This is an action at law for the fair and reasonable value of architectural services rendered and expenses incurred at the oral request of the defendant. Pursuant to this request, certain design work was performed and certain designs and drawings were created and prepared for the defendant and various printing and miscellaneous expenses incurred. Plaintiff prayed judgment for $2,996.58. The jury returned a verdict in favor of the plaintiff in the sum of $2,604.58 and the defendant has appealed.

The defendant assigns error in the failure of the trial court to sustain his objection to the admission of exhibit 19 into evidence. Exhibit 19 was an abstract or summary of certain business records of the plaintiff which

were offered and received in evidence. It is a complete summary of all of the time that was spent by all employees pertaining to the work done for the defendant. Exhibits 16 and 16A consisted of employees' daily time records which included both the defendant's project and those of other clients. These records consisted of more than 180 3x5 inch cards. Exhibit 18 contained substantially the same information as exhibit 19 except that it was a month-by-month summary of defendant's project rather than a day-by-day summary. Both exhibit 18 and exhibit 19 were prepared from exhibits 16 and 16A, and in their respective forms are abstracts of information contained on exhibits 16 and 16A.

The defendant has assigned as error only the failure to sustain the objections to the admission of exhibit 19. No claim is made here that either exhibit 16 or 16A was improperly received into evidence by the court.

The defendant contends that audits or statements of account prepared for use at a trial are not admissible when they are summaries of records which have not been admitted or where it is not shown that the records are voluminous or complicated as to require clarification or where it is not shown that the records themselves are competent. The case of Rose v. Kahler, 151 Neb. 532, 38 N. W. 2d 391, involved instruments which were, generally speaking, simply abstracts, tabulations, or summations of previous stipulations, evidence, and instruments such as bank deposits, canceled checks, and bank ledger sheets, all of which evidence was properly admitted by the trial court. This court said: "The applicable rule is that audits or statements of account prepared for use at the trial are not ordinarily admissible, but the trial court court may, in the exercise of its judicial discretion, admit them when they are merely abstracts, tabulations, or summaries of other evidence capable of calculation which has been properly admitted."

32 C. J. S., Evidence, § 698, p. 958, states: "Written statements prepared for use at a trial are not ordinarily

admissible in evidence. However, they may be received where they are merely in the nature of summaries of voluminous records which are in evidence, or are admissible in evidence * * *." See, also, 20 Am. Jur., Evidence, § 449, p. 398.

It is clear and without dispute that exhibit 19 is merely an abstract of exhibits 16 and 16A pertaining to that portion dealing with the defendant's project. Both of these exhibits, together with exhibit 18, were offered and received in evidence. No claim is now made that they were improperly received, and the court did not err in admitting exhibit 19.

The only other assignment of error is that the trial court erred in denying defendant's motion for a new trial. The motion for new trial charged, in general terms, errors of law and errors of fact and misconduct of counsel committed at the trial. This court's attention is not directed to any specific reason why it should have been sustained. An assignment of error that the court erred in overruling a motion for new trial is too indefinite where there are several grounds of error set forth in such motion. A party who claims error in a proceeding is required to point out the factual and legal basis that shows the error. Lemmon v. State, 173 Neb. 387, 113 N. W. 2d 525.

No other error is assigned and those advanced cannot be sustained. The judgment of the trial court was correct and is affirmed.

AFFIRMED.