STATE OF NEBRASKA, APPELLEE, v. DANIEL L. WILLIAMS, APPELLANT.

326 N.W.2d 678

Filed November 24, 1982.  No. 81-741.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Defendant-appellant, Daniel L. Williams, was found guilty by a jury of willfully, maliciously, and forcibly breaking and entering into a dwelling with the intent to commit a felony or with the intent to steal property. Pursuant to that verdict he was sentenced to a term of from 3 to 7 years in the Nebraska Penal and Correctional Complex.

In this appeal defendant contends the trial court erred in overruling his motion in limine, which sought to prevent the State from questioning him concerning his prior petit larceny convictions. We agree with the defendant; accordingly, we reverse and remand for a new trial.

The record reflects that at the close of the State's case defense counsel moved for an order directing that defendant's prior misdemeanor petit larceny convictions not be used in impeachment. The record further reflects that defense counsel had discussed the matter with the prosecuting attorney, who had indicated he intended to use the convictions to impeach the defendant. The prosecutor does not dispute that representation of his intent. The trial judge observed it had already been indicated to counsel, in what appears to be an unreported in-chambers conference, that he was of the opinion the petit larceny convictions were dishonest acts within the purview of the evidence code, and overruled defense counsel's in limine motion. The judge further stated, "[T]he State will be permitted to bring the misdemeanor convictions out by way of impeach-

ment on cross examination.'' Thereafter, defense counsel advised the defendant, on the record, of the risks he took by testifying. During that proceeding the trial judge asked the following of defense counsel: ''And have you further advised him that the misdemeanor convictions can also be brought out by way of impeachment so the jury will have knowledge of the fact that he was convicted of petty larceny twice?'' Defense counsel replied he had discussed the matter with the defendant that morning. The defendant then stated he still wished to testify.

During the early part of defense counsel's direct examination of defendant, the following questions were asked and answers given: ''Q. And have you ever been convicted of another offense or misdemeanor involving dishonesty? A. Not that I know of. Q. Do you recall our earlier conversation? A. Yes. Q. Okay. And have you ever been — had a misdemeanor conviction for an offense that involves — has been ruled to involve dishonesty? A. Yes. Q. And how many times? A. Oh, about two times.''

Neb. Rev. Stat. § 27-609(1) (Reissue 1979) provides: ''For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (b) involved dishonesty or false statement regardless of the punishment.''

The first question to be answered is whether a misdemeanor conviction for petit larceny is a crime involving ''dishonesty or false statement'' as that phrase is used in § 27-609(1)(b). After a review of the comments of the drafters of the federal rule which is the source of our § 27-609, and federal court interpretations, we said that in the absence of some-

thing other than ordinary stealing, petit larceny is not a crimen falsi as contemplated by the phrase in question. We further stated that if such special circumstances exist, it is incumbent upon the prosecution to bring those circumstances to the court's attention. *State v. Ellis,* 208 Neb. 379, 303 N.W.2d 741 (1981). See, also, *State v. Pitts, ante* p. 295, 322 N.W.2d 443 (1982). No special circumstances were brought to the court's attention. The trial court incorrectly concluded that the petit larceny convictions were within the purview of § 27-609(1)(b). It was therefore in error in overruling the motion in limine.

The State argues, in effect, that as it was the defendant himself who testified on direct examination as to the subject convictions, he waived any error. The defendant, on the other hand, argues that in view of the trial court's ruling and statements, he was justified in relying on the State's and court's announced intentions, and in taking the "sting" out of the convictions by first revealing them himself during direct examination. We agree with the defendant.

It is true that ordinarily one may not invite error and then complain of it. See, *State v. Gore, ante* p. 287, 322 N.W.2d 438 (1982); *Davis v. State,* 51 Neb. 301, 70 N.W. 984 (1897). However, in the context of the facts in this case, defendant was fully justified in relying on the State's announced intention to impeach defendant by questioning him concerning the petit larceny convictions and the trial judge's announcement that he would allow the State to do so.

REVERSED AND REMANDED FOR A NEW TRIAL.