STATE OF NEBRASKA, APPELLEE, V. PATRICK J. HEATON, JR.,
APPELLANT.
407 N.W.2d 780

Filed June 19, 1987.   No. 86-886.

Donald J. Tedesco, for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Patrick J. Heaton, Jr., appeals from the judgment of the district court which revokes his probation and sentences him to the Nebraska Penal and Correctional Complex for a period of not less than 18 nor more than 24 months, with credit to be given for the 2 months he served in the county jail as required by the terms of probation. He assigns as error the trial court's finding that the violation of a condition of his probation was willful and thus warranted revocation of probation. We reverse and remand with direction.

Heaton was adjudged guilty of perjury in violation of Neb. Rev. Stat. § 28-915 (Reissue 1985) and sentenced, on January 6, 1986, to 3 years' probation on condition, among others, that he make restitution, in the sum of $54,495.18, plus interest at the rate of $17.73 per day, to the estate of Alice R. Oliverius, deceased, on or before May 6, 1986. Additionally, Heaton owes over $158,000 to various other creditors and is obligated to pay alimony of $400 per month to his deaf former wife.

On July 22, 1986, an information was filed charging Heaton with violating his probation for the reason that he had failed to make restitution. At the hearing to revoke probation Heaton admitted the violation but wanted an opportunity to show the violation was not willful and that incarceration would therefore not be an appropriate remedy.

Rather than permit the adduction of evidence, the district court ordered a presentence investigation to develop the facts. As no issue has been made of the manner in which the facts were uncovered, we do not concern ourselves with that matter but, instead, confine ourselves to a review of the facts on the basis of which the court below made its decision.

At the time of the hearing, Heaton was 55 years old. He is educated as a lawyer and had practiced law for 32 years prior to surrendering his license. Nonetheless, his efforts to find employment, both in his hometown of Sidney and elsewhere, have proved unsuccessful. On January 23, 1986, Heaton's office furniture, equipment, supplies, and substantial law library were sold at a public auction resulting from the foreclosure of the Oliverius estate's judgment lien. From the gross receipts of $3,730, the sale netted $3,605.29, which was

applied to the debt owed the Oliverius estate. It appears, however, that the items sold were purchased by beneficiaries of the Oliverius estate and that they in turn sold the property for $7,500. On July 21, 1986, Heaton sold an office building he owned in Sidney for $30,000. After the mortgages and other expenses were paid, the Oliverius estate received $750. At the time of the original sentencing hearing there was an outstanding option to purchase the office building for $65,000 to another; that prospective purchaser, however, made it very clear that while he would like to buy the property, he could not guarantee he would, as he needed to know more about the premises.

The presentence report also shows that Heaton owns other property. There is an apartment building in Sidney which has an assessed value of $39,455. It is listed for sale at $50,000, and Heaton rejected an offer to purchase it at $35,000, believing the offer to be inadequate. He also owns two vacant lots in Alliance which are subject to a mortgage of $13,274.76 and are not likely to sell because of the decreased activity in the area. Efforts to sell his mobile home, which is valued at $14,000, have proved unsuccessful. The realtor who has the sales listing on the three lots Heaton owns in Keith County is of the opinion that Heaton was "making a reasonable effort to sell" those lots. However, a covenant which prohibits the placement of mobile homes on the properties makes selling the lots difficult, as prospective buyers do not want to build homes at the site.

The State suggests that Heaton has funds available in the cash surrender values of some insurance policies; however, those policies were in a bank box upon which a sheriff had levied in connection with an unrelated judgment. While the inventory lists certain monetary amounts alongside the descriptions of some of the policies, the inventory does not reveal whether these amounts reflect policy face values, paid up insurance values, cash surrender values, or any kind of values whatever. Moreover, Heaton has indicated that he is willing to apply such cash surrender values as exist to the Oliverius estate debt if the sheriff will release the policies for that purpose.

Just as the granting or withholding of probation is a matter entrusted to the sound discretion of the trial court, *State v. Donnelson, ante* p. 41, 402 N.W.2d 302 (1987), so too is the

revocation of probation a matter entrusted to the sound discretion of the trial court. However, unless, as Heaton did, a probationer admits to a violation, *State v. Burow*, 223 Neb. 867, 394 N.W.2d 665 (1986), the fact that a condition of probation has been violated must be proved by clear and convincing evidence, *State v. Painter*, 223 Neb. 808, 394 N.W.2d 292 (1986), and Neb. Rev. Stat. § 29-2267 (Reissue 1985). Moreover, where the violation is the failure to make restitution, the evidence must clearly and convincingly show that the probationer has willfully refused to make restitution when he or she has the resources to pay or has failed to make sufficient bona fide efforts to seek employment and otherwise acquire the resources to make restitution. *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983).

The trial court's initial decision to place Heaton on probation reflects a determination that the State's penological interests did not require imprisonment. *Bearden v. Georgia, supra*. However, a probationer's failure to make reasonable efforts to seek employment or otherwise acquire the resources required to repay his debt to society may indicate that the original determination to withhold imprisonment needs reevaluation, and imprisonment may now be required to satisfy the State's penological interests. *Bearden v. Georgia, supra*. But a probationer who has made sufficient bona fide efforts to make restitution, and who has complied with the other conditions of probation, has demonstrated a willingness to pay his debt to society and an ability to conform his conduct to social norms. *Bearden v. Georgia, supra*. Because courts have a duty to treat the rich and the poor equally (see *Griffin v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956)), the factor of indigency takes on great importance whenever consideration is given to revoking probation because of noncompliance with a restitution order. *United States v. Atkinson*, 788 F.2d 900 (2d Cir. 1986). Only if alternative measures of punishment are not adequate to meet the State's interests in punishment and deterrence may a court imprison a probationer who has made sufficient bona fide efforts to make restitution. See *Bearden v. Georgia, supra*.

There is no evidence that Heaton has unreasonably refused

to seek employment or rejected employment offers or that he has unnecessarily refused to convert his assets to cash in order that he might make restitution to the Oliverius estate. It is true that he rejected an offer to purchase his apartment building which was within 88.7 percent of the assessed tax value of the property. The offer was, however, but 70 percent of the asking price. There is no evidence concerning the condition of the real estate market in Sidney, nor that the assessed value more accurately reflects the market value of the property than does the asking price.

The trial court's conclusion that Heaton willfully refused to make restitution is untenable under the record before us such as to unfairly deprive Heaton of a substantial right and deny him a just result. Thus, the trial court abused its discretion, and its judgment must therefore be reversed. *State v. Vrtiska, ante* p. 454, 406 N.W.2d 114 (1987).

The cause is remanded and the trial court directed to reinstate its sentence of probation. This resolution does not, of course, prevent future consideration of the nature of Heaton's efforts to make restitution to the Oliverius estate.

REVERSED AND REMANDED WITH DIRECTION.