STATE OF NEBRASKA, APPELLEE, V. ROGER D. TODD, APPELLANT.
416 N.W.2d 13

Filed November 25, 1987.   No. 86-1086.

Thomas J. Garvey and Charles E. Dorwart, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

The defendant, Roger D. Todd, appeals from his convictions by a jury of burglary, in violation of Neb. Rev. Stat. § 28-507(1) (Reissue 1985), a Class III felony, and theft, in violation of Neb. Rev. Stat. § 28-511 (Reissue 1983), a Class III felony, Neb. Rev. Stat. § 28-518(1) (Reissue 1985). The defendant appeals, assigning two errors: (1) that the district court erred in allowing the defendant to be cross-examined with respect to a misdemeanor conviction and (2) that the district court erred in overruling the defendant's motion for a new trial. For the reasons set out below, we affirm.

The record reveals that in the early morning hours of May 27, 1986, John Slettedahl heard the sound of a car engine running outside his open bedroom window. Looking out his window, Slettedahl observed a copper-colored pickup truck, with the engine running, parked on the corner of a street north of his home. He next observed two men emerge from an adjoining field and place a long white sofa in the back of the pickup truck. Slettedahl recognized one of the men loading the furniture into the truck as the defendant. He knew the defendant as a neighbor and as one who used the same babysitter used by Slettedahl. Slettedahl then went back to bed.

The same morning, after arising, he looked out his window

at the model home across the street and noted that he could not see the white couch which was normally visible through the window at the front of the model home. The back door of the model home was standing open, and the furniture was missing. Slettedahl then contacted the police.

After the police officers interviewed Slettedahl, a search for the missing furniture was conducted at the defendant's home the following day. The missing furniture was not found. The investigation revealed that the missing furniture in the model home had been leased and had a retail value in excess of $6,000. The defendant was arrested later that afternoon.

In an amended complaint the defendant was charged, in two counts, with burglary and theft, as set out above. Defendant pled not guilty, and the matter was set for trial on September 24, 1986.

On the second day of the trial, after the defense had started its case but before the defendant took the stand, an in-chambers meeting was held on the record. Some discussions in the meeting, however, were "held off the record." The judge and counsel for both parties were present, but the defendant was not. At the in-chambers meeting, the prosecutor indicated that he intended to use the defendant's prior shoplifting conviction in his rebuttal case "for the purpose of prior bad acts or for credibility." The defendant's police record revealed that he had been arrested on May 19, 1985, for shoplifting, after he was seen taking a bottle of cologne at a department store. The defendant had pled guilty to that offense. The use of the prior theft conviction was generally discussed, and the court stated, "My initial thought is that it's [the prior conviction] probably admissible, but I suppose that, you know, if the defendant wants, he's entitled to a limiting instruction at that time that it's being received not to — not as bearing on his credibility." Later, the court said, "But I think the State's probably entitled to produce the evidence of the prior. It's so close in time and it certainly involves an intent to deprive the owner of the property, petty larceny." Defendant's counsel responded, "That by itself, yeah." The prosecutor then stated that while he had said he intended to use the prior conviction during rebuttal, he meant to use it during his cross-examination of defendant. The

court then stated, "I think you can do it by cross-examination. . . . Again assuming that, you know, assuming his testimony is essentially that, I'm paraphrasing, 'But I'm a nice guy. I didn't do anything other than dump some grass clippings.' " Defendant's counsel indicated his disapproval of the prosecutor's change of trial tactics, but made no objection then, or at any other time during the in-chambers discussion, to the State's use of the fact of defendant's prior conviction.

The trial then resumed before the jury. Defendant testified in his case that while he might have been in the area the night of the burglary, he had not committed the burglary. Subsequently, during cross-examination, the defendant was asked if he had "ever been convicted of a theft . . . within the last 12 months . . . ." Defendant admitted to the shoplifting conviction. The State's attorney continued to cross-examine defendant as to the incident. Defendant's counsel made no objection to this line of questioning except for one objection to a question if the prior conviction was the same thing defendant was accused of in the trial. Defense counsel's objection to that particular question was sustained on the ground it called for a legal conclusion. Defendant's counsel went into the details of the prior conviction on his redirect. On September 25, 1986, the jury found the defendant guilty of the counts of both burglary and theft. Defendant timely filed a motion for a new trial. The motion was denied. Defendant was sentenced to 1 to 3 years in the Department of Correctional Services on each count, with the sentences to run concurrently.

We first consider the defendant's assignment of error that the district court erred in allowing the defendant to be cross-examined as to a prior misdemeanor conviction.

We need not consider, in the circumstances of this case, whether the prior conviction was admissible under either Neb. Rev. Stat. § 27-609(1)(b) or § 27-404(2) (Reissue 1985). The Nebraska Evidence Rules provide that error may not be predicated on a ruling which admits evidence unless a timely objection appears of record, stating the specific ground of objection, if a specific ground is not apparent from the context. Neb. Evid. R. 103(1)(a) (Neb. Rev. Stat. § 27-103(1)(a) (Reissue 1985)). It is well-settled by this court that if a party does not

make a timely objection to evidence, the party waives the right on appeal to assert prejudicial error in the reception of such evidence. *State v. Roggenkamp*, 224 Neb. 914, 402 N.W.2d 682 (1987); *State v. Archbold*, 217 Neb. 345, 350 N.W.2d 500 (1984). As we have said above, no objection was made to the testimony in question.

In his brief at 4, defendant contends that defense counsel (different than appellate counsel) "made his objection and argument at the time of the in-chambers discussion to the use of the prior conviction and said objection at that time is sufficient to permit Appellant to raise this issue on appeal . . . ." Our examination of the record shows the issue was discussed but that no general or specific objection was made to the use of the prior conviction.

The instant case is different procedurally from *State v. Williams*, 212 Neb. 860, 326 N.W.2d 678 (1982), cited by defendant. In that case, defendant moved for an order of the court directing that Williams' prior misdemeanor convictions could not be used in the trial by the State. Clearly, Williams objected to the testimony, and the court clearly ruled, " '[T]he State will be permitted to bring the misdemeanor convictions out . . . on cross examination.' " *Williams, supra* at 861-62, 326 N.W.2d at 679. In this case there was never an objection made, nor was there a prior ruling. The court said that if certain testimony were adduced, the prior conviction might be admissible. In the context of this case, defendant could not rely on the discussion in chambers, or on the court's statements as to how the evidence might be treated, to preserve the question on appeal.

In his second assignment of error, defendant contends that the court erred in overruling defendant's motion for a new trial. The granting of a motion for a new trial lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Donnelson*, 225 Neb. 41, 402 N.W.2d 302 (1987); *State v. Bideaux*, 219 Neb. 718, 365 N.W.2d 830 (1985). The trial court did not abuse its discretion in overruling the defendant's motion for a new trial.

The judgment and sentences of the district court are affirmed.

AFFIRMED.