STATE OF NEBRASKA, APPELLEE, V. ISABEL GREENO, APPELLANT.
432 N.W.2d 547

Filed December 9, 1988.    No. 87-987.

Charles F. Fitzke, Scotts Bluff County Public Defender, for appellant.

Robert M. Spire, Attorney General, Royce N. Harper, and Melanie Whittamore for appellee.

HASTINGS, C.J., WHITE, CAPORALE, and FAHRNBRUCH, JJ., and REAGAN, D.J.

HASTINGS, C.J.

The defendant was found guilty by a jury in Scotts Bluff County of fraudulently obtaining low-income energy assistance from the State. On appeal, she assigns as error the trial court's refusal to grant a mistrial.

The defendant filed a false application for energy assistance from the State of Nebraska. Her sister, Eloise Giron, was employed by the State and was responsible for the approval of applications for the Nebraska low-income energy assistance program. She processed and "verified" the defendant's application, resulting in the defendant's receiving $165 fraudulently from the State. Giron was convicted for her participation in the scheme in a separate trial conducted prior to the defendant's.

The defendant assigns as error, inter alia, the court's refusal to grant a mistrial after allegedly prejudicial statements were made by the prosecutor during voir dire, and after the State allegedly failed to prove the statements it made during voir dire. Neither of these assignments of error are discussed in the defendant's brief. This court will not consider issues which are not both assigned and discussed. *Nuttelman v. Julch*, 228 Neb. 750, 424 N.W.2d 333 (1988).

The remainder of the defendant's assignments of error are actually several variations on one theme: that the defendant was prejudiced by repeated references to her sister's trial.

Discussion of Giron and her duties at the Department of Social Services was integral to the cases of both the prosecution and the defense, and the jury was necessarily made aware of Giron's collusion with the defendant. The defendant does not argue that all references to Giron's participation in the fraud were prejudicial. However, the defendant does contend that all references to Giron's *trial* worked together to create prejudice, especially in light of Giron's volunteered testimony that she had been convicted.

Because of the nature of the fraud, many of the witnesses at the defendant's trial had also testified at Giron's trial, and much of the evidence introduced at the defendant's trial had also been introduced at Giron's trial. In the course of the defendant's trial, many references were made to the previous trial and previous testimony. However, many of these references were made by defense counsel, and of the references made by the prosecutor, none were objected to. "It is well settled by this court that if a party does not make a timely objection to evidence, the party waives the right on appeal to assert prejudicial error in the reception of such evidence." *State v. Todd*, 226 Neb. 906, 908-09, 416 N.W.2d 13, 15 (1987).

Giron was called as a witness for the defense. On direct examination by defense counsel, Giron volunteered that she had been "on trial two weeks ago." Subsequently, on cross-examination, the State asked Giron several questions about her previous testimony. At one point, Giron responded, "I'm going to take the 5th because I really don't recall everything word for word." The court instructed her that mere lack of knowledge was not a proper ground for taking the fifth amendment, then asked her if she refused to answer on the grounds that it would tend to incriminate her. Giron replied, "*I've already been found guilty* but, yes, I still do take the 5th." (Emphasis supplied.) The court cautioned the jury that the volunteered information was "unrelated to the case at hand" and should be disregarded. The defense then moved for a mistrial, which was denied by the court.

When cross-examination continued, both Giron and the State continued to refer to Giron's trial and her previous testimony. While making no more direct references to her conviction, Giron did state that other workers in her office "wanted to prove me the way they proved me," and admitted that she was bitter "because of the outcome of my trial."

On rebuttal, the State called a witness who was asked if she had testified at a previous trial. Defense counsel at that time requested a mistrial, and the motion was subsequently heard and denied.

During closing argument, the prosecutor stated: "There is no one person that did this; there are two, and you have seen them both in this courtroom today." He concluded, "I proved that there are not one but two worms in the woodpile." Neither of these statements were objected to by defense counsel, but after the jury had been read the instructions and retired to the jury room to deliberate, the defense again moved for mistrial. Defense counsel argued that the continued references to Giron's involvement "refresh[ed] once again to the recollection of these jurors that she slipped and said that she was guilty in that case." The motion was denied, and the defendant was convicted.

We note at the outset that defendant's argument concerning the impropriety of the prosecutor's closing remarks cannot be considered on appeal, as no objection was timely made. The sequence of events in *Lemmon v. State*, 173 Neb. 387, 113 N.W.2d 525 (1962), was identical to the case at hand: After the prosecutor's closing argument, the jury received instructions and retired, and only then did the defense counsel move for mistrial based on the allegedly improper remarks made by the prosecutor. This court held, "An objection made to the argument of opposing counsel after the jury has retired is not timely and will not be reviewed on appeal." *Id.* at 388, 113 N.W.2d at 526. See, also, *State v. Benzel*, 220 Neb. 466, 477, 370 N.W.2d 501, 511 (1985), in which the defense did not object during the closing argument or before the jury retired, and this court held, "The failure to make a timely objection is equivalent to failing to make an objection at all and waives any right to complain"; *State v. Keithley*, 227 Neb. 402, 408, 418 N.W.2d 212, 216 (1988), in which no objection was made at the

time of argument, and this court held, "Failure to assert a timely objection at the time of trial constitutes a waiver of the objection."

Moreover, "The general rule is that remarks made by the prosecutor in final argument which do not mislead or unduly influence the jury do not rise to a level sufficient to require granting a mistrial." *State v. Fraser, ante* p. 157, 162-63, 430 N.W.2d 512, 515 (1988); *State v. Benzel, supra*; *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984), *cert. denied* 469 U.S. 1028, 105 S. Ct. 447, 83 L. Ed. 2d 372. The State's allusions to Giron's involvement certainly did not surprise or mislead the jury during closing arguments; by that time, Giron's participation had been made abundantly clear. "[I]t is not prejudicial for the prosecutor to make remarks based on deductions and inferences drawn from the evidence." *Benzel, supra* at 478, 370 N.W.2d at 511. Furthermore, the remarks were not in and of themselves unduly influential on the jury. "The impact of any comment made at trial depends on the atmosphere at trial. The trial judge is in a better position to measure the impact a comment has on a jury, and his decision will not be overturned unless clearly erroneous." *Id*. at 477-78, 370 N.W.2d at 511. We cannot say that under the circumstances the trial court was in error.

By failing to object when the State referred to the previous trial, and indeed, by bringing up Giron's trial himself, defense counsel waived any arguments on the matter.

However, there remains the question of whether Giron's volunteered testimony disclosing her conviction was sufficiently prejudicial to warrant a mistrial. As in *State v. Robertson*, 219 Neb. 782, 366 N.W.2d 429 (1985), we emphasize that the evidence in question relates to the codefendant's *conviction*, and not merely to the codefendant's participation in the crime.

The clear rule of law in this country is that where two persons are charged with the same criminal offense but are tried separately, the fact that one defendant has been convicted is inadmissible against the other defendant. See *State v. Robertson, supra*. However, case law suggests that the result may be different where, as here, the conviction of the

codefendant is disclosed through the unresponsive testimony of a witness, rather than as the result of a direct question by the prosecutor. In any event, admission of a codefendant's conviction will not be the basis for a mistrial unless it creates undue prejudice which was not, or could not be, negated through curative measures undertaken by the court.

*State v. Robertson, supra,* while not directly on point, considered the admissibility of a jury's verdict finding a codefendant guilty. In *Robertson,* the prosecutor asked the codefendant whether she had been convicted for her part in the crime for which the defendant was being tried, to which the codefendant replied yes. This court found that "evidence of a codefendant's conviction on the same charge has no place in the State's case in chief against a defendant." *Id.* at 791, 366 N.W.2d at 435. However, the court did not consider the question of voluntary, unsolicited testimony by the witness, divulging her conviction.

In *State v. Riendeau,* 448 A.2d 735 (R.I. 1982), the Rhode Island court affirmed the conviction of the defendant, who at his own trial had volunteered information about his codefendant's conviction and jail sentence in answer to a question that arguably did not require such a response. While reaffirming the rule that evidence of one defendant's conviction is inadmissible against another defendant as substantive proof of guilt, the court nevertheless found that the testimony did not result in sufficient prejudice to warrant a new trial, since the defendant had volunteered the information, the trial court immediately cautioned the jurors to disregard the information, the trial court gave jury instructions reminding the jury that they were not to consider the codefendant's fate, and other evidence in the case overwhelmingly established the defendant's guilt.

In *Moore v. State,* 515 N.E.2d 1099 (Ind. 1987), the investigating officer, in his testimony, mentioned the codefendant's conviction. The Indiana court noted that "[t]he question of whether the admission of a co-defendant's conviction requires reversal depends on the facts and circumstances surrounding the case." *Id.* at 1103. Here, since the officer made "only a brief mention" of the codefendant's conviction, and the prosecutor did not use the conviction

directly to argue the defendant's guilt, the court found that the prejudice to the defendant was insubstantial.

In *State v. Brown*, 67 N.C. App. 223, 313 S.E.2d 183 (1984), *review denied* 311 N.C. 764, 321 N.E.2d 147, the court held that the admission into evidence on direct examination that the codefendant had been convicted was erroneous. Although the admission of the evidence was erroneous, however, the court held it did not constitute *prejudicial* error requiring a new trial. The court found that since the codefendant had testified regarding his participation in the scheme, the jury was already fully aware of his guilt.

The *Brown* case relied in part on *State v. Bryant*, 236 N.C. 745, 73 S.E.2d 791 (1953). In *Bryant*, as the jury was leaving the jury box, the codefendant entered a plea of guilty to the crime for which the defendant was on trial. The trial court denied the defendant's motion for mistrial, but immediately cautioned the jury that if it had overheard the codefendant's guilty plea, it should not consider it. The North Carolina Supreme Court affirmed, explaining that since the codefendant had testified to facts which disclosed his participation in the crime, "[t]he jury was already fully apprized of his guilt," *id.* at 747, 73 S.E.2d at 792, and thus, no prejudice resulted from its overhearing the codefendant's guilty plea.

In *United States v. Dougherty*, 810 F.2d 763, 767 (8th Cir. 1987), the prosecutor informed the jury during opening argument that a codefendant " 'who has himself been convicted of a felony offense relating to this investigation' " would be called as a witness. The defendant's motion for mistrial was denied. Although the appellate court expressed disapproval over the prosecutor's actions, it found that in the totality of circumstances of the entire trial, the defendant had not been prejudiced by the prosecutor's statement. The court came to this conclusion by examining the cumulative effect of the prosecutor's misconduct, the strength of the properly admitted evidence of the defendant's guilt, and the curative actions taken by the trial court. The prosecutor had made no further references to the codefendant's conviction and had taken additional measures to see that the codefendant did not discuss the conviction on direct examination; there was overwhelming evidence of the defendant's guilt irrespective of

the prosecutor's comment; and the trial court had given a cautionary instruction to the jury to alleviate any possible prejudice.

In the present case, the witness disclosed her conviction in response to a question by the court that did not require such a response. The prosecutor did not ask her whether she had been convicted, nor did he use that fact to argue the defendant's guilt. The jury was immediately cautioned to disregard Giron's statement, and upon submission of the case to the jury, the court instructed it not to consider any volunteered information regarding the outcome of any other trial. Moreover, there was overwhelming, properly admitted evidence of the defendant's guilt regardless of Giron's statement that she had been convicted for her part in the fraud.

Although the statement was not properly admissible evidence, the prejudice resulting therefrom was insubstantial and did not necessitate the granting of a mistrial. *State v. Watkins*, 227 Neb. 677, 687, 419 N.W.2d 660, 666 (1988) (error in admitting statement was harmless where conviction was supported by "substantial, even overwhelming, evidence" in addition to inadmissible statement); *State v. Ebberson*, 209 Neb. 41, 46, 305 N.W.2d 904, 908 (1981) ("even if [the witness' answer] had been wholly unresponsive it was clearly not so prejudicial as to require a new trial. Ordinarily, when an objection to improper evidence is sustained and the jury is instructed to disregard it, such an instruction is deemed sufficient to prevent prejudice"); *State v. Kirby*, 185 Neb. 240, 253-54, 175 N.W.2d 87, 95-96 (1970) ("The answer was unexpected, and the court immediately instructed the jury to disregard it [and] specifically admonished the jury that it was not to consider any evidence stricken by the court. . . . [T]he defendant is entitled to a fair trial but not a perfect one"). See, also, *Lutwak v. United States*, 344 U.S. 604, 619, 73 S. Ct. 481, 97 L. Ed. 593 (1953), cited in *Kirby, supra* ("In view of the fact that this record fairly shrieks the guilt of the parties, we cannot conceive how this one admission could have possibly influenced this jury to reach an improper verdict"). The judgment of the district court is affirmed.

AFFIRMED.