STATE OF NEBRASKA, APPELLEE, V. EDWARD A. FINNEGAN,
APPELLANT.
439 N.W.2d 496

Filed May 5, 1989.    No. 88-743.

John F. Steinheider, of Hoch & Steinheider, for appellant.

Robert M. Spire, Attorney General, and Kimberly A. Klein for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and RIST, D.J.

CAPORALE, J.

Defendant-appellant, Edward A. Finnegan, was, on an earlier occasion, convicted by the district court of third degree

assault and sentenced to probation. Upon a subsequent finding that Finnegan had violated a term of his probation, the district court revoked probation and, instead, sentenced Finnegan to incarceration for a period of 6 months and ordered him to pay court costs. Finnegan assigns as error the district court's (1) failure to specify which condition of probation he violated, (2) finding the evidence sufficient to prove that he violated any term of his probation, (3) finding that the conduct charged constituted a violation of the terms of his probation, (4) finding that the State was authorized to subject him to drug-use testing, and (5) imposing an excessive sentence. We affirm.

In relevant part the district court's order of June 17, 1987, placed Finnegan on probation for a period of 18 months under a number of terms and conditions, including that Finnegan (1) not possess or use any "narcotic drugs or cannabis" except by prescription and (2) pay court costs of $180.90 and make restitution in the sum of $991.40. "Cannabis" is a technical name for marijuana. Webster's Third New International Dictionary, Unabridged 327 (1981). The probation order further required Finnegan to subject himself "without just cause" to testing for the purpose of determining his possession or use of drugs.

Neb. Rev. Stat. § 29-2268 (Reissue 1985) permits a court, upon determining that a probationer has violated a condition of probation, to "revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he was convicted." Violation of a single condition of probation is sufficient. *State v. Clark*, 197 Neb. 42, 246 N.W.2d 657 (1976).

On November 17, 1987, 5 months into the period of probation, Finnegan's probation officer asked him to submit a urine sample for purposes of drug testing. Finnegan did so, and the Nebraska State Patrol crime laboratory chemist performing the analysis concluded that the sample demonstrated Finnegan had used marijuana since the date of the probation order. Because Finnegan had paid only $50 toward the amounts the court had ordered he pay, the State moved to revoke probation on the grounds that Finnegan had both used marijuana and failed to make the ordered payments.

The first assignment of error, that the district court failed to specify the grounds on which it was revoking probation, rests on the fact that in the course of announcing its decision, the judge below suggested it appeared Finnegan may have violated conditions of probation which the State's motion did not address. What Finnegan overlooks, however, is that the judge not only said he based his decision solely on the ground that Finnegan had used marijuana, but made a written finding to that effect. He further specifically rejected the failure of payment as a ground because the evidence failed to show Finnegan was capable of making the ordered payments. Thus, although the judge below may have said more than was necessary, he ultimately acted in compliance with the good practice described in *State v. Jaworski*, 194 Neb. 645, 234 N.W.2d 221 (1975), of making a specific finding for each charge of acts alleged to constitute a violation of probation.

The second assignment of error questions the sufficiency of the evidence to support the district court's finding that Finnegan used marijuana after entry of the probation order.

It is appropriate to begin the analysis of the issues presented by this assignment of error by recalling that while the revocation of probation is a matter entrusted to the discretion of the trial court, unless the probationer admits to a violation of a condition of probation, the State must prove the violation by clear and convincing evidence. *State v. Heaton*, 225 Neb. 702, 407 N.W.2d 780 (1987); Neb. Rev. Stat. § 29-2267 (Reissue 1985).

The finding that Finnegan used marijuana rests on the testimony of the state chemist mentioned earlier. It is true, as Finnegan contends, that the chemist testified that without knowing a person's rate of metabolism, size, weight, and body mass, as well as the quantities and purity of the substance used, it would be impossible to determine the length of time that any given level of marijuana metabolites would remain in the system. However, the chemist also testified that the screening test he used was such that it would not detect the presence of the trace amounts of marijuana metabolite which would be present in a urine sample provided by one who had refrained from using the substance between June 17, 1987, the date of the probation

order, and the date Finnegan provided a sample of his urine, November 17, 1987. Such testimony constitutes clear and convincing evidence that Finnegan did in fact use marijuana after entry of the probation order.

The third assignment of error, that the use of marijuana does not constitute a violation of probation, ignores the fact that the probation order specifically prohibited Finnegan from using marijuana.

The fourth assignment of error urges that the test for marijuana constituted an unreasonable search in violation of Finnegan's fourth amendment rights. This assertion first ignores that Finnegan failed to object to the evidence resulting from the test. We have repeatedly held that the failure to object to the receipt of evidence at trial constitutes a waiver of the right on appeal to assert prejudicial error in the reception of such evidence. *State v. Greeno*, 230 Neb. 568, 432 N.W.2d 547 (1988); *State v. Todd*, 226 Neb. 906, 416 N.W.2d 13 (1987). The assertion also disregards this court's determination in *State v. Morgan*, 206 Neb. 818, 295 N.W.2d 285 (1980), that a condition of probation which requires a probationer to submit to a search of his or her personal property at any time, by any law enforcement officer, with or without probable cause, for controlled substances, is valid, enforceable, and constitutional under the fourth amendment, if it is applied in a reasonable manner and contributes to the rehabilitation of the probationer. See *U.S. v. Schoenrock*, 868 F.2d 289 (8th Cir. 1989). It cannot seriously be argued that weaning a law offender from the use of marijuana is not rehabilitative.

To the extent Finnegan can be said to contend that the test for marijuana violated his fourth amendment rights because the probation order authorized "drug" testing and marijuana is not a drug, as the term is used in relevant statutes, his contention is simply wrong. Neb. Rev. Stat. §§ 28-404 (Reissue 1985) and 28-405(c)(10) and (15) (Cum. Supp. 1988) make marijuana a Schedule I controlled substance, simple possession of even less than an ounce of which is made unlawful by Neb. Rev. Stat. § 28-416(6) (Cum. Supp. 1988). See, also, *State v. Kells*, 199 Neb. 374, 259 N.W.2d 19 (1977). Thus, it cannot be said the judge below abused his discretion in revoking Finnegan's

probation.

This brings us to the fifth and last assignment of error, which claims the sentence imposed is excessive. We have held that a sentence imposed after revocation of probation and within statutory limits will not be set aside as excessive absent an abuse of discretion on the part of the sentencing judge. *State v. Ladehoff*, 229 Neb. 111, 425 N.W.2d 352 (1988). The maximum sentence which may be imposed for third degree assault, which under the present circumstances is a Class I misdemeanor, is "not more than one year imprisonment, or one thousand dollars fine, or both." Neb. Rev. Stat. §§ 28-310 (Reissue 1985) and 28-106(1) (Cum. Supp. 1988). The sentence imposed is within statutory limits and arises from an incident in which Finnegan stabbed another. We find nothing which permits us to say the sentence imposed constitutes an abuse of discretion.

We do not overlook the fact that Finnegan devoted a substantial part of his brief to the claim that the judge below improperly took notice of the probation order because it was not received in evidence, and he at no time said he was going to take notice of it. However, he assigns no error to this treatment of the order, and, thus, we do not consider it. Neb. Ct. R. of Prac. 9D(1)d (rev. 1986); Neb. Rev. Stat. § 25-1919 (Reissue 1985). See, *State v. Narcisse*, 231 Neb. 805, 438 N.W.2d 743 (1989); *State v. Greeno, supra*. We are nonetheless constrained to observe that the suggestion the judge below did not state he was taking notice of his earlier probation order is patently frivolous in face of the fact he on no less than three occasions during the course of the hearing made specific reference to that document. Moreover, a court must take judicial notice of its own records in the case under consideration and also has the right to examine its own records and take judicial notice of its own proceedings in an interwoven and dependent controversy where the same matters have already been considered and determined. *State v. Norwood*, 203 Neb. 201, 277 N.W.2d 709 (1979).

Since the record fails to establish any of Finnegan's assigned errors, the judgment of the district court is affirmed.

AFFIRMED.