IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FUENTES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RYAN S. FUENTES, APPELLANT.

Filed June 16, 2020.    No. A-19-1142.

Appeal from the District Court for Merrick County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Stephen T. Knudsen, of Grafton Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Ryan S. Fuentes pled no contest to one count of resisting arrest, second offense, in the district court for Merrick County. Fuentes was originally sentenced to a term of probation. After later admitting to violating two conditions of his probation, Fuentes was sentenced on the original offense to a term of 3 years' imprisonment, followed by 12 months of postrelease supervision. Fuentes appeals, arguing that the district court erred by allowing the State to proceed on an additional alleged probation violation that had become moot by his agreement to admit to the other violations. He also argues that the sentence was excessive. For the reasons that follow, we affirm.

## BACKGROUND

On July 26, 2016, Fuentes was charged with one count of resisting arrest, second offense. At his initial arraignment, Fuentes pled not guilty. On October 31, 2016, Fuentes changed his plea

- 1 -

to no contest and was convicted of resisting arrest, second offense, a Class IIIA felony. Fuentes was sentenced to a period of probation.

In April 2019, the State filed an amended motion to revoke probation. The matter came before the district court for an evidentiary hearing on September 23, 2019. At the hearing, Fuentes admitted to violating conditions "4" and "5" of his probation. Condition No. 4 required that Fuentes report to his probation officer as directed. Condition No. 5 required Fuentes to permit his probation officer to visit him in a reasonable manner. The district court took judicial notice of the probation violation addendum and found that there was a factual basis showing that Fuentes had in fact violated the terms of his probation. After finding that Fuentes violated conditions 4 and 5 of his probation, the district court permitted the State to proceed with its case on condition No. 1.

The State called Shilia Pascoe as its only witness. Pascoe testified that on June 11, 2018, the Grand Island Police Department made contact with her while she was at her sister's home. Pascoe testified that she could not recall the details of what had happened, but remembered that she got into an argument with Fuentes and "got hit." She recalled having a "severe panic attack and anxiety attack" and then the police arriving. She testified that Fuentes "punched" her in the face and that the incident was "traumatizing" to her.

On cross-examination, Pascoe acknowledged that she wrote a letter to the Hall County Attorney's office regarding the incident. Pascoe testified that the letter indicated that she had an anxiety attack and "overreacted" to the incident. She testified that Fuentes did not strangle her and that she requested that the charges against him be dropped. Pascoe testified that her anxiety attacks cause her to "blackout" and that she cannot say for certain what happened during the incident with Fuentes.

After Pascoe's testimony, the district court found that the State had shown that Fuentes struck Pascoe in the face, in violation of condition No. 1 of his probation. A presentence investigation was ordered, and sentencing was set for November 4, 2019. Fuentes' trial counsel moved for furlough, in order to enroll Fuentes in a 30-day treatment program prior to his sentencing hearing. The motion was denied.

A sentencing hearing took place on November 4, 2019, and the district court sentenced Fuentes to 3 years' imprisonment, followed by 12 months of postrelease supervision. Fuentes was given 297 days' credit for time served.

## ASSIGNMENTS OF ERROR

Fuentes assigns, restated, that the district court abused its discretion by (1) allowing the State to proceed on an additional alleged probation violation that had become moot and (2) sentencing Fuentes to an excessive term of imprisonment.

## STANDARD OF REVIEW

The revocation of probation is a matter entrusted to the discretion of a trial court. *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). An

abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

ANALYSIS

MOOTNESS

Fuentes first argues that the district court abused its discretion by allowing the State to proceed with its case on the alleged violation of condition No. 1 of his probation after he had admitted to violations of condition Nos. 4 and 5. Fuentes argues that his admissions made the violation of condition No. 1 a moot issue. We disagree.

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the litigation's outcome. *State v. Johnson, supra*. Unless a probationer admits to a violation, the fact that a condition of probation has been violated must be proved by clear and convincing evidence. *State v. Heaton*, 225 Neb. 702, 407 N.W.2d 780 (1987). Fuentes did not admit to a violation of condition No. 1 of his probation, and the State did not agree to dismiss the allegation. Therefore, the State still had a legally cognizable interest in the litigation's outcome.

The Nebraska Supreme Court has recognized that "[p]robation revocation proceedings are not criminal prosecutions[.]" *State v. Johnson*, 287 Neb. at 199, 842 N.W.2d at 71. We find no merit in Fuentes' contention that allowing the State to proceed with its case on the alleged violation of condition No. 1 turned the probation revocation hearing into a "quasi-trial upon which Fuentes was essentially convicted of a new offense." Brief for appellant at 7. While the Supreme Court has held that "a violation of a single condition of probation *can* support revocation[,]" it has not held that a finding of one violation renders all other alleged violations moot. *State v. Clark*, 197 Neb. 42, 47, 246 N.W.2d 657, 660 (1976) (emphasis supplied).

A probation revocation hearing is considered a continuation of the original prosecution for which probation was imposed--in which the purpose is to determine whether a defendant has breached a condition of his or her existing probation, not to convict that individual of a new offense. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020). Accordingly, jail time after revocation of probation constitutes continuing punishment for the crime for which probation was originally imposed. See *id*.

The trial court's initial decision to place a defendant on probation reflects a determination that the State's penological interests did not require imprisonment. *State v. Heaton, supra*, (citing *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983)). However, "[a] probationer's failure to make reasonable efforts to repay his debt to society may indicate that this original determination needs reevaluation, and imprisonment may now be required to satisfy the State's interests." *Bearden v. Georgia*, 461 U.S. at 670. In this case, Fuentes was alleged to have violated multiple conditions of his probation. It is clear to us that the State retained an interest in seeing the appropriate resolution to Fuentes' probation revocation up until the point of sentencing. Therefore, the issue of whether Fuentes violated condition No. 1 of his probation did not become moot once it was determined that he violated condition Nos. 4 and 5, and it was not an abuse of discretion for the district court to allow the State to proceed with its case as to condition No. 1.

Fuentes next argues that the district court abused its discretion by sentencing him to an excessive term of imprisonment. We find that the district court did not abuse its discretion in sentencing Fuentes.

Under Neb. Rev. Stat. § 29-2268 (Reissue 2016), if a probationer is found to have violated a condition of his or her probation, a court "may revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he or she was convicted." Under Neb. Rev. Stat. § 28-904(3) (Reissue 2016), resisting arrest, second offense, is a Class IIIA felony. A Class IIIA felony, under Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2019), is punishable by up to 3 years' imprisonment and 18 months' postrelease supervision, a $10,000 fine, or both, with no minimum sentence. If imprisonment is imposed, however, it must be followed by a minimum of 9 months' postrelease supervision. *Id*. The district court sentenced Fuentes to 3 years' imprisonment, followed by 12 months' postrelease supervision. Fuentes was granted 297 days' credit for time served.

Fuentes' sentence was within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentences to be imposed. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Fuentes first argues that his sentence was excessive because his "mentality did not warrant such a sentence." Brief for appellant at 8. We disagree. As previously mentioned, the "appropriateness of a sentence is necessarily a subjective judgment." *State v. Smith*, 302 Neb. at 186, 922 N.W.2d at 466. It is not the function of an appellate court to conduct a de novo review of the record to determine whether a sentence is appropriate. *State v. Gibson*, 302 Neb. 833, 925 N.W.2d 678 (2019). In this case, the district court heard comments from both the State and Fuentes' trial counsel regarding what they believed to be the appropriate sentence. Additionally, Fuentes was given the opportunity to provide allocution, where he noted:

> I apologize for not taking advantage of probation the first time. I know I should have done my classes. I have an addiction that took the better of me. I have mental problems; I wasn't taking my medications like I should of. I'm asking for a second chance on probation, finish probation. And second chance on - I apologize for not taking probation seriously.

After hearing from Fuentes, the district court noted that it had considered the relevant sentencing factors, as well as the factors set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2016), for

consideration when the court is deciding whether to impose a sentence of imprisonment. Specifically, the district court noted:

> I've also considered the factors as set forth in Section 29-2260, specifically that you have failed to comply with terms of this probation, and in fact you really absconded for the majority of the probation period. So even when they reached out to you -- you know, part of life is just showing up, Mr. Fuentes, just making a modicum of effort. And until you were arrested, then you make a lot of effort. But when you are not in custody, your effort is really minimal.
>
> There's a substantial risk that during a period of probation that you would continue to engage in additional criminal conduct; that I do believe that you are in need of treatment that can best be provided most effectively by the Department of Corrections, and I do find that if not then there is a risk to the public.

The district court also had the opportunity to review the presentence investigation report (PSI), which shows that Fuentes has a criminal history including convictions for drug and alcohol related offenses, resisting arrest, assault, failure to appear, etc. The PSI also shows that Fuentes scored a 35 on the Level of Service/Case Management Inventory (LS/CMI), which is used "to determine the degree of risk the offender presents to the community" and the risk to recidivate. A score of 35 places Fuentes at a "very high risk" to the community and to recidivate. Additionally, Fuentes scored within the "high risk" or "very high risk" range in seven of the eight categories assessed in the LS/CMI to determine risk factors for recidivism.

While Fuentes argues that the district court "could have placed Fuentes on probation or considered a significantly shorter term of incarceration[,]" we cannot say the sentence imposed constitutes an abuse of discretion. The record does not indicate that the district court considered any improper factors, and we find that it did not abuse its discretion by imposing a sentence of 3 years' imprisonment followed by 12 months' postrelease supervision.

## CONCLUSION

We conclude that the district court did not abuse its discretion by allowing the State to proceed with its case regarding Fuentes' violation of condition No. 1 of his probation. We also find that the sentence imposed by the district court was not excessive. Accordingly, Fuentes' conviction and sentence is affirmed.

AFFIRMED.